Ex parte Carl Thomas
PRESTON, Appellant.

No. 01–90–00607–CR.

Court of Appeals of Texas,
Houston (1st Dist.).

Dec. 27, 1990.

Ken J. McLean, Houston, for appellant.

John B. Holmes, Dist. Atty., Timothy Taft, Asst., Houston, for appellee.

Before SAM BASS, MIRABAL and DUNN, JJ.

## OPINION

SAM BASS, Justice.

This is an appeal from a pretrial habeas corpus proceeding.

Appellant was charged in a three count indictment in cause number 486858 with aggravated robbery of three different people ("first prosecution"). Prior to the jury being impaneled and sworn, the trial court read only count II of the indictment. After the jury was impaneled and sworn, the State, out of the presence of the jury, presented only count II of the indictment to which appellant pled not guilty. The jury was charged on only count II of the indictment, and the jury found appellant guilty of aggravated robbery as charged in count II of the indictment. The State presented no evidence on counts I and III at trial.

Appellant was subsequently indicted in trial court cause number 529321 ("second prosecution") for the same offenses charged in counts I and III of the indictment in the first prosecution.

Appellant filed an application for a writ of habeas corpus claiming that double jeopardy barred the second prosecution, and requesting that the second prosecution be dismissed. The trial court denied appellant's application.

Appellant's sole point of error asserts that double jeopardy bars the second prosecution.

■ Appellant has filed a motion for this Court to take judicial notice of the record in his appeal from the first prosecution. *Preston v. State*, No. 01–89–00186–CR (Tex.App.—Houston [1st Dist.], August 16, 1990, pet. requested) (unpublished), 1990 WL 119536. The State has filed a response in opposition. The record from the first prosecution was before this Court at the time this case was submitted to this Court, and, under the circumstances, it was appropriate for this Court to take judicial notice of it. *Reynolds v. State*, 548 S.W.2d 733, 734–35 (Tex.Crim.App.1977). Appellant's motion before this Court is granted.

The State argues that appellant has not brought forward a sufficient record from the second prosecution to review his double

jeopardy claim. Appellant has supplemented the transcript from the habeas corpus proceeding with the indictment from the second prosecution. Moreover, the statement of facts from the habeas corpus proceeding contains most, if not all, of the matters necessary to review appellant's double jeopardy claim. The State argues that appellant may not rely on evidence presented after the trial court had denied appellant's application for a writ of habeas corpus, and appellant filed his notice of appeal. We do not rely on this evidence to dispose of this case. We reject the State's arguments.

■ The question to be decided is whether appellant was ever placed in jeopardy on counts I and III of the indictment in the first prosecution. *Scholtes v. State*, 691 S.W.2d 84, 87 (Tex.App.—Houston [1st Dist.] 1985, pet. ref'd). He argues that just because counts I and III of the indictment in the first prosecution were not read to the jury, it does not mean he was not placed in jeopardy on all counts in the indictment, relying on *McElwee v. State*, 589 S.W.2d 455 (Tex.Crim.App.1979), and *Guzman v. State*, 732 S.W.2d 683 (Tex. App.—Corpus Christi 1987, no pet.).

Appellant apparently cites *Guzman* for the proposition that jeopardy attached to all counts in the indictment in the first prosecution when the jury was impaneled and sworn, even though the State proceeded on only count II of the indictment. 732 S.W.2d at 686 n. 1. The State says we should not follow *Guzman* because the language relied upon by appellant, in footnote one of that opinion, is erroneous dicta unnecessary to the decision in that case.

We cannot say the language in the footnote in *Guzman* is dicta unnecessary to the decision in that case. The *Guzman* court rejected the defendant's double jeopardy claim because he brought up an insufficient record regarding whether he consented to the procedure followed by the State. 732 S.W.2d at 686–87. Thus, the *Guzman* court must have decided that jeopardy attached to all counts in the indictment, or it would not have been necessary for it to

address whether defendant consented to the procedure followed by the State. *See, e.g., Jeffers v. United States,* 432 U.S. 137, 152, 97 S.Ct. 2207, 2216, 53 L.Ed.2d 168 (1977) (if the accused could have been tried in one proceeding for various offenses, but chooses separate trials, he cannot complain of a jeopardy violation).

The *Guzman* court relied on *McElwee* and *Crist v. Bretz,* 437 U.S. 28, 98 S.Ct. 2156, 57 L.Ed.2d 24 (1978), for the language contained in the footnote in that opinion. In *McElwee,* the Texas Court of Criminal Appeals, on remand from the United States Supreme Court for further consideration in light of *Crist,* was compelled to abandon the long standing rule in Texas—that jeopardy does not attach until the jury is selected and sworn and defendant pleads to the indictment—for the rule, sanctified in *Crist* as a federal constitutional imperative, that jeopardy attaches when the jury is impaneled and sworn. 589 S.W.2d at 456–58.

In *McElwee,* the defendant was indicted on a *single count of murder,* the case was called for trial, and the jury was impaneled and sworn. 589 S.W.2d at 456. The *indictment was never read,* and *defendant never pled* to it. *Id.* The indictment was eventually dismissed, and the State subsequently reindicted defendant on the same offense. *Id.* The *McElwee* court, relying on *Crist,* decided that double jeopardy barred the subsequent prosecution because the jury had been impaneled and sworn in the first prosecution. 589 S.W.2d at 460.

In *Crist,* the defendants were charged with various offenses in one indictment. 437 U.S. at 29–30, 98 S.Ct. at 2157–58. A jury was *impaneled and sworn* after a three day selection process. 437 U.S. at 30, 98 S.Ct. at 2158. The prosecution eventually *dismissed* the charges *before* the first witness was sworn. *Id.* The prosecution subsequently reindicted the defendants on the same charges. *Id.* The United States Supreme Court held that *jeopardy attached* in the first prosecution *when the jury was impaneled and sworn,* prohibiting the second prosecution under double

jeopardy principles. 437 U.S. at 38, 98 S.Ct. at 2162.

We find *Crist* and *McElwee* distinguishable from the present case. In *McElwee,* the case was actually called for trial, and the jury was voir dired, impaneled, and sworn on the single count of the indictment. 589 S.W.2d at 456. In *Crist,* a jury was voir dired, impaneled, and sworn, after a three day selection process, on all of the charges. 437 U.S. at 29–30, 98 S.Ct. at 2157–58. In both of these cases, the *prosecution on all the charges had advanced* to the point *where the jury had been voir dired on the charges and impaneled and sworn.*

Here, the State never proceeded on counts I and III during the proceedings in the first prosecution. Count II is the only count that was presented to the jury during voir dire examination, and the only count the State proceeded on in any way. It is as if the State abandoned or dismissed counts I and III early in the proceedings in the first prosecution, before the jury was voir dired, impaneled, and sworn, and proceeded only on count II. *See Martinez v. State,* 646 S.W.2d 483, 484–85 (Tex.App.—Houston [1st Dist.] 1982, no pet.) (in multi-count indictment case, double jeopardy did not bar a subsequent prosecution on the second count of the indictment from the first prosecution where the State dismissed the second count of the indictment in the first prosecution before the jury was impaneled and sworn).

In *Crist,* the United States Supreme Court explained the reason for the double jeopardy rule:

> The reason for holding that jeopardy attaches when the jury is empaneled and sworn lies in the need to protect the interest of an accused in retaining a chosen jury. That interest was described in *Wade v. Hunter, supra* [336 U.S. 684, 69 S.Ct. 834, 93 L.Ed. 974 (1949)], as a defendant's valued right to have his trial completed by a particular tribunal. 336 U.S. at 689, 69 S.Ct. at 837. It is an interest with roots deep in the historic development of trial by jury in the Anglo–American system of criminal justice.

437 U.S. at 35–37, 98 S.Ct. at 2161. In the present case, appellant did not choose the jury in the first trial to hear evidence regarding counts I and III; that jury was voir dired only as to count II.

We reject appellant's double jeopardy claim, and hold that jeopardy did not attach to counts I and III of the indictment in the first prosecution. To the extent *Guzman* supports a different result, we decline to follow it.

Appellant's point of error is overruled.

The trial court's judgment, denying appellant habeas corpus relief, is affirmed.