Ex parte Carl Thomas PRESTON.

No. 300–91.

Court of Criminal Appeals of Texas, En Banc.

April 1, 1992.

On Denial of Rehearing June 24, 1992.

---

Ken J. McLean, Roy G. Romo, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty., and Timothy G. Taft, Dave Pendleton, Kelley Siegler, Asst. Dist. Attys., Houston, Robert Huttash, State's Atty., Austin, for the State.

## OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

BAIRD, Judge.

Appellant was originally charged in a single indictment with three counts of aggravated robbery. After the jury was impaneled and sworn, the State proceeded to trial on the second count only and appellant was convicted of that alleged offense. A grand jury re-indicted appellant for the offenses alleged in the first and third counts of the original indictment. Appellant filed a pretrial application for writ of habeas corpus contending the subsequent prosecution violated his constitutional guarantee against double jeopardy. The trial court denied relief and the Court of Appeals affirmed. *Ex Parte Preston,* 801 S.W.2d 604 (Tex.App.—Houston [1st Dist.] 1990). We will reverse the judgment of the Court of Appeals.

### I.

The facts are not in dispute. As previously noted, the State proceeded to trial

solely on the second count of the original indictment. However, there is no evidence in the record that the State took any affirmative action to dismiss, waive or abandon or that the State obtained permission from the trial judge to dismiss, waive or abandon the first and third counts in that indictment.[1] Therefore, the issue is whether jeopardy attached to the offenses alleged in the first and third counts in the original indictment barring the instant prosecution.

## II.

■ The doctrine of double jeopardy is derived from the Fifth Amendment to the Constitution of the United States and is applied to the states through the Fourteenth Amendment.[2] *Crist v. Bretz*, 437 U.S. 28, 98 S.Ct. 2156, 57 L.Ed.2d 24 (1978); and *Downum v. U.S.*, 372 U.S. 734, 83 S.Ct. 1033, 10 L.Ed.2d 100 (1963). In a jury trial, jeopardy attaches when the jury is impaneled and sworn. *Crist*, 437 U.S. at 38, 98 S.Ct. at 2162. After jeopardy attaches, any charge which is dismissed, waived, abandoned or on which the jury returns an acquittal, may not be retried.[3] *Ex Parte Scelles*, 511 S.W.2d 300, 301 (Tex.Cr.App. 1974).

■ In *Johnson v. State*, 436 S.W.2d 906, 908 (Tex.Cr.App.1968), we recognized the general rule that the state may, with the consent of the court dismiss, waive or abandon a portion of the indictment. *Woods v. State*, 152 Tex.Crim. 131, 211 S.W.2d 210, 211 (1948). *See also, Wallace v. State*, 145 Tex.Crim. 625, 170 S.W.2d 762, 764 (1943). However, if the dismissal, waiver or abandonment occurs after jeopardy attaches, the State is barred from later litigating those allegations. *McElwee v. State*, 589 S.W.2d 455, 460 (Tex.Cr.App. 1979); and *Black v. State*, 143 Tex.Crim. 318, 158 S.W.2d 795 (1942).

## III.

■ The State contends the instant case is controlled by *Patterson v. State*, 581 S.W.2d 696 (Tex.Cr.App.1979). In *Patterson* the defendant

> was charged, in a two-count indictment, with the offenses of possession of marihuana and possession of a firearm by a felon. [footnote omitted]. *Before the jury was impaneled and sworn*, the State elected to proceed on the count for possession of marihuana; the [defendant] was convicted of that offense. The [defendant] was reindicted for the offense of possession of a firearm by a felon and brought to trial.

*Id.* at 697.[4]

We held that jeopardy did not bar the prosecution for possession of a firearm by a felon because "the State elected to proceed only on the count charging possession of marihuana *prior to the time that the jury was sworn.*" *Patterson*, 581 S.W.2d at 697. *See also, Ochoa v. State*, 492 S.W.2d 576 (Tex.Cr.App.1973). The instant case is readily distinguishable because, as previously noted, the State *did not* elect to proceed only on the second count *before* the jury was impaneled and sworn.

Finally, the State contends that, since appellant entered a plea to the second count only, jeopardy did not attach to the offenses alleged in the first and third counts. The argument ignores the fact that a defendant enters his plea only *after*

---

1. We note that this action has been referred to as "dismissal," "waiver," or "abandonment." *See, Johnson v. State*, 436 S.W.2d 906 (Tex.Cr. App.1968); *Ex Parte Scelles*, 511 S.W.2d 300 (Tex.Cr.App.1974); *Parish v. State*, 165 S.W.2d 748 (Tex.Cr.App.1942); *Ochoa v. State*, 492 S.W.2d 576 (Tex.Cr.App.1973); and *Black v. State*, 143 Tex.Crim. 318, 158 S.W.2d 795 (1942). For the purposes of this opinion, all have the same meaning.

2. "... [n]or shall any person be subject for the same offence to be twice put in jeopardy of life or limb ..." U.S. Const. Amend. V.

3. There are exceptions to this rule. *See, Torres v. State*, 614 S.W.2d 436, 441 (Tex.Cr.App.1981); *Arizona v. Washington*, 434 U.S. 497, 509, 98 S.Ct. 824, 832, 54 L.Ed.2d 717 (1978); and *Ex Parte McAfee*, 761 S.W.2d 771, 772 (Tex.Cr.App. 1988). However, none of those exceptions are applicable to the instant case.

4. Unless otherwise indicated, all emphasis herein is supplied by the author.

the jury has been impaneled and sworn. Tex.Code Crim.Proc.Ann. art. 36.01(a)(1) & (2).[5] Further, the argument ignores our previous decisions requiring the State to seek the consent of the Court to dismiss, waive or abandon the remaining portions of the charging instrument. *Woods v. State,* 211 S.W.2d at 211.

## IV.

■ Accordingly, we hold that in order to preserve a portion of a charging instrument for a subsequent trial, the State must, before jeopardy attaches (i.e., prior to the jury being impaneled and sworn *or* for bench trials, when both sides have announced ready and the defendant has pled to the charging instrument. *Ex parte Torres,* 805 S.W.2d 418, 421), take some affirmative action, on the record, to dismiss, waive or abandon *that portion of the* charging instrument *and* the State must obtain permission from the trial judge to dismiss, waive or abandon that portion of the charging instrument. Because this was not done, jeopardy attached to the offenses alleged in the first and third counts in the original indictment when the jury was impaneled and sworn at appellant's trial. In short, we hold that the Constitutional guarantee against Double Jeopardy does not permit a constructive abandonment of a portion of the charging instrument. Accordingly, the judgment of the Court of Appeals is reversed and this cause is remanded to the trial court with orders to dismiss the prosecution.

WHITE, J., concurs in the result.

McCORMICK, P.J., dissents.

5. The record reflects that on February 15, 1989, after the voir dire examination, the jury was impaneled and sworn and released for the day. The State then read only the second count of the indictment and appellant pled not guilty. The following morning, on February 16, 1989, the jury returned and the State again read only the second count of the indictment and appellant again pled not guilty.

## OPINION DENYING STATE'S MOTION FOR REHEARING

PER CURIAM.

On original submission we granted appellant relief and ordered the prosecution dismissed. The State contends that result is erroneous for several reasons. We now address those contentions.

## I.

■ On original submission we began by stating, "[t]he facts are not in dispute ... there is no evidence in the record that the State took any affirmative action to dismiss, waive or abandon or that the State obtained permission for the trial judge to dismiss, waive or abandon the first and third counts in that indictment." Maj. op. pg. 517. The State contends we mischaracterized the facts. The State "submits that the record in the present case demonstrates that there was no guessing in the present case! Defense counsel and the trial court were obviously on notice!" The State's argument is simply not supported by the record.

Our review of the record reveals that appellant's trial counsel moved for an acquittal on the first and third counts at the close of the State's case.[1] Specifically, appellant's trial counsel made the following motion:

The defendant further moves for acquittal on the other two counts of the indictment that have *never been severed from this case,* and there has *never been any motion to sever,* there has *never been any motion granted to sever them.* The State has not put on any evidence at all and [appellant] moves for a verdict of acquittal on both of those cases, both of the other counts, Count 1 and Count 3.[2]

1. The State has filed "State's Motion for Rehearing of Entire Record Considered by Court of Appeals." On original submission, we recognized that the Court of Appeals relied upon the record from appellant's trial and we obtained the record in order to fully consider the arguments of the parties. Accordingly, the State's motion is dismissed as moot.

2. Unless otherwise indicated, all emphasis herein is supplied.

At the hearing on appellant's motion, the State did *not* refer to or otherwise mention an agreement with appellant's trial counsel regarding the first and third counts. Appellant's motion was overruled by the trial judge. The motion made by appellant's trial counsel, at least by implication, shows there was no agreement to try the first and third counts at a later date.

The State directs us to a portion of the hearing on appellant's application for writ of habeas corpus where the prosecutor testified to an "off-the-record" agreement with defense counsel to proceed only on the second count. However, the record reveals a dispute as to the existence of an agreement. The prosecutor testified:

Q. During the jury selection, was there ever any voir dire process as to Count One and Count Three?

A. No. Not at all.

Q. Why was that?

A. Because prior to trial there was a discussion had between myself, [appellant's] lawyer, [appellant's trial counsel], and I told [appellant's trial counsel] at the time, that would have been Monday morning, because we picked the jury Monday afternoon, that I could not get the witnesses for either Count One and Count Three, and that I would be proceeding only on Count Two, and that's all we ever talked about during voir dire.[3]

Q. Did at the time—and we are talking prior to trial, and that would be *off the record.* Is that right?

A. That's correct.

Q. Did [appellant's trial counsel] object to that in any way?

A. No. He did not.

Q. *Did he agree with you to only proceed on Count Two?*

A. *He did.*

However, appellant's trial counsel testified:

Q. Let me ask you this, [appellant's trial counsel]. Do you remember or do you have an independent recollection of whether one or more counts went to the jury?

A. It's my contention that all the counts went to the jury.

Q. Let me ask it another way. Do you remember whether Mr. Preston was arraigned and evidence was presented and a jury instruction given on one count only?

A. That's correct.

Q. All right. And do you remember having a conversation with [prosecutor] before trial *off the record* regarding the disposition of Counts 1 and 3?

A. I do.

Q. All right. *What was the substance of that conversation?*

A. *It's that we were trying all the cases at once.*

Q. Did you know at the time she didn't have witnesses here or some witnesses were unavailable on Counts 1 and 3?

A. No, they had witnesses here.

Q. Okay. *Did you agree with her to try those two cases at a later date?*

A. *Absolutely not.*[4]

We find no support in the record for the State's contention that we mischaracterized the facts on original submission. "Assertions in an appellate brief that are unsupported by the record will not be accepted as fact." *Vanderbilt v. State,* 629 S.W.2d 709, 717 (Tex.Cr.App.1981). To the contrary, our research reveals *nothing on the record at appellant's trial to indicate the State's intention regarding the first and third counts in the indictment.* Stated

---

3. We pause to note that voir dire did not take place on Monday. The record reflects the case was called for trial on Monday, February 13, 1989 and the State announced ready. The case was continued until Wednesday, February 15, 1989, when voir dire took place and the jury was impaneled and sworn. See n. 5, on original submission, supra.

4. We pause to note that the State contends this portion of the hearing on appellant's application for writ of habeas corpus was not properly before the Court of Appeals for review. However, the Court of Appeals expressly rejected the State's argument. *Preston v. State,* 801 S.W.2d 604, 604 (Tex.App.—Houston [1st Dist.] 1990).

another way, the State failed to take any affirmative action, *on the record*, to preserve the first and third counts.

## II.

Regarding our application of the relevant decisional authority, the State next contends we misconstrued our holding in *Patterson v. State*, 581 S.W.2d 696 (Tex.Cr. App.1979). In *Patterson* we held that jeopardy did not bar a subsequent prosecution because "the State elected to proceed only on the count [utilized at Patterson's first trial] *prior to the time that the jury was sworn.*" *Patterson*, 581 S.W.2d at 697. To fully address the State's argument, we have carefully reviewed the record from Patterson's first trial, where the State, with the trial judge's consent, elected to proceed on only one count of the two count indictment.

> Defense counsel: There is one problem. Could we have stated in the record which count of this two count indictment they are going on and what count they are abandoning?
> The State: Your Honor, we're going on count two. We're not abandoning anything.
> The Court: Let me have the file. Now, as I understand it the count on which the defendant is to be tried is count 2, which presents:
> [Whereupon count 2 of the indictment charging Patterson with unlawful possession of marijuana was read by the Court]
> The Court: Now, that is the count on which the defendant is being tried.
> The State: Your Honor, we will proceed on the enhancement paragraphs.
> The Court: You are going on count No. 2 and the enhancement paragraph?
> The State: Yes, Sir.
> The Court: Do you understand that? In other words, he's being tried on the count which charges the unlawful pos-

session of marijuana in a usable quantity of more than 4 ounces. And you are seeking to employ the previous convictions for the purpose of enhancing punishment in case he's found guilty on this count.
> The Defendant: Yes.
> The State: *And for the record, we are going to sever count 1 from count 2.* We're not going to dismiss count 1.
> The Court: All right. *Count 1 is being severed but is not being dismissed.*
> The State: Yes, Sir.
> The Court: All right. Now, I want the defendant to be sure, because I've done a lot of talking. And I want the defendant to be sure he understands that what he is now being tried for is that count that I read of your possession, having unlawfully possessed marijuana in a usable quantity of more than 4 ounces.... Do you understand that?
> The Defendant: Yes, Sir.

When viewed in this light, our holding in *Patterson* does not conflict with our holding on original submission. Moreover, the instant case is distinguishable because the State failed to preserve for future prosecution, *on the record*, the first and third counts in the indictment. Additionally, there is nothing *on the record*, in the instant case, to indicate the trial judge consented to the preservation of the first and third counts for a subsequent prosecution.[5]

■ The State next contends that jeopardy should not attach to the counts which were not a part of the State's voir dire examination and that jeopardy did not attach to the offenses alleged in the first and third counts since appellant entered his plea only to the second count. The State fails to provide any authority in support of its position, other than *Patterson* which, as discussed above, is contrary to the State's position. Nor has our independent research found any support for the State's position. To the contrary, our research

---

**5.** The State's reliance on *Patterson* is further flawed when we consider the State's brief in *Patterson*. In the brief, the State argued: "[b]efore the jury was impaneled and sworn, the State *made it clear* that it would proceed on the marihuana case without jeopardizing its right to later proceed on the pistol case." To support its position the State specifically relied upon the election being made *on the record*.

reveals that the State's argument is without merit for the following reasons.

First, a similar argument was raised and rejected in *Guzman v. State,* 732 S.W.2d 683 (Tex.App.—Corpus Christi 1987, no pet.), where the Court of Appeals held:

> If it is the State's contention that appellant was not placed in jeopardy on all the counts because not all counts were read to the jury, the State is wrong. Although this was the rule in Texas before *Crist v. Bretz,* it is not the rule now. *McElwee v. State,* 589 S.W.2d at 455.

*Guzman v. State,* 732 S.W.2d 683 at 686, n. 1.

The *Guzman* Court's reasoning is well-founded and we adopt that reasoning today. In *McElwee,* the State dismissed the indictment after the jury had been impaneled and sworn. The grand jury reindicted the defendant for the same offense and the State sought to try the defendant on the subsequent indictment. This Court, relying on *Crist v. Bretz,* 437 U.S. 28, 98 S.Ct. 2156, 57 L.Ed.2d 24 (1978), held that jeopardy barred the subsequent prosecution even though the original indictment was never read to the jury and the defendant never pled to the original indictment. *McElwee v. State,* 589 S.W.2d 455 (Tex.Cr.App.1979).

■ Second, the State ignores the fact that a defendant enters his plea only *after* jeopardy has attached, namely after the jury has been impaneled and sworn. Tex. Code Crim.Proc.Ann. art. 36.01(a)(1) & (2). Therefore, what occurs during voir dire examination is not determinative of jeopardy. When a case is called for trial, we presume all counts in the charging instrument are being tried unless the record clearly indicates otherwise. In the instant case, the docket sheet from appellant's trial indicates the State announced "ready" for trial on February 13, 1989, however, the trial did not begin until February 15, 1989.[6] The docket sheet does *not* indicate that the State announced ready on count two only or that the State took any action to pre-

serve counts one and three for trial at a later date.

### III.

Our holding on original submission required the State to take some affirmative action, on the record, before jeopardy attached, to preserve a portion of the charging instrument for a subsequent trial. We held such action was necessary because "the Constitutional guarantee against Double Jeopardy does not permit a constructive abandonment of a portion of a portion of the charging instrument." Slip op. pg. 518. The State characterizes our holding as establishing a doctrine of "constructive attachment of jeopardy." Contrary to the State's assertions, our holding did not announce a new doctrine of when jeopardy *attaches.* That issue has been settled. *Crist v. Bretz,* 437 U.S. 28, 98 S.Ct. 2156, 57 L.Ed.2d 24 (1978), and *Ex parte Torres,* 805 S.W.2d 418 (Tex.Cr.App.1991).

The Constitutional prohibition against double jeopardy was designed to protect an individual from being subjected to the hazards of trial and possible conviction more than once for an alleged offense. *Green v. United States,* 355 U.S. 184, 187–188, 78 S.Ct. 221, 223, 2 L.Ed.2d 199 (1957). As this is a right personal to the criminal defendant some affirmative action, on the record, is necessary to provide the defendant with notice if the State elects to proceed on less than all of the offenses alleged in the charging instrument. As previously noted, when a case is called for trial, we presume all counts in the charging instrument are being tried unless the record clearly indicates otherwise. In the instant case, the State announced "ready" for trial on February 13, 1989. Because the State did *not* take any affirmative action, on the record, to preserve counts one and three for trial at a later date, appellant was entitled to believe the State was proceeding to trial on all the counts in the indictment. For these reasons, we adhere to our holding on original submission, absent some

---

**6.** The record further reflects the State and appellant announced ready for trial on December 5, 1988. However, on December 7, 1988, the case was re-scheduled for trial on February 13, 1989.

affirmative action on the record to preserve the first and third counts for a subsequent trial, jeopardy attached to the offenses alleged in those counts.[7]

## IV.

Finally, the State contends the first and third counts of the indictment were *never* abandoned. In its motion for rehearing, the State argues: "it is clear from the record of this case that the State was *not* abandoning, either constructively or actually, the other two counts." The State's argument is without merit.

If the counts were not preserved for future prosecution, prior to the time the jury was impaneled and sworn, appellant was necessarily placed in jeopardy for the offenses alleged in the first and third counts and may not be subsequently prosecuted for those offenses. *Ex Parte Scelles*, 511 S.W.2d 300, 301 (Tex.Cr.App. 1974).

## V.

For the foregoing reasons, we deny the State's motion for rehearing and reaffirm our holding on original submission. In order to preserve a portion of a charging instrument for future prosecution, the State must, before jeopardy attaches, take some affirmative action on the record, to preserve that portion of the charging instrument *and* the State must obtain consent from the trial judge to preserve that portion of the charging instrument. In other words, jeopardy attaches to the offenses alleged in each count in the indictment called for trial unless the count is preserved for future prosecution by the State, with the consent of the trial judge, before jeopardy attaches.

The State's motion for rehearing is denied.[8]

BENAVIDES, J., concurs, feeling the opinion on original submission correctly disposed of the issues before this Court, and would simply deny the State's motion for rehearing without written opinion.

McCORMICK, P.J., dissents.

WHITE, J.: Although present, I choose not to participate in this matter.

OVERSTREET, J.: Although present, I choose not to participate in this matter.

CLINTON, Judge, concurring.

The Code of Criminal Procedure is intended, *inter alia:*

> "to embrace rules applicable to the ... prosecution of offenses ... and to make the rules of procedure in respect to ... punishment of offenses *intelligible* to the officers who are to act under them, and *to all persons whose rights are to be affected by them.*"

Article 1.03, V.A.C.C.P.[1]

## I

One such right vouchsafed by the Constitution of Texas is the right to know "the nature and cause of the accusation against him, and to have a copy thereof." Article I, § 10; Article 1.05. That right is effectively implemented in a criminal prosecution through "the primary pleading on the part of the State," i.e., "the indictment or information." Article 27.01; see, e.g., *Garber v. State*, 145 Tex.Cr. 44, 165 S.W.2d 741, at 742 (1942); *Zweig v. State*, 74 Tex. Cr. 306, 171 S.W. 747, at 753 (1913, 1914) (Motion for Rehearing). The constitutional intent is that the face of a charging instrument provide an accused with sufficient information to enable him to know that with which he is charged in order to prepare his defense; he is not required to look elsewhere, nor is it enough to say he knows the offense with which he is charged. Arti-

---

**7.** The affirmative action by the State may take several different forms. For example, "dismissal" pursuant to Tex.Code Crim.Proc.Ann. art. 32.02, "severance" as in *Patterson,* supra, etc.

**8.** See *Heath v. State,* 817 S.W.2d 335, 337 (Tex. Cr.App.1991) (Opinion on State's and State Prosecuting Attorney's motion for rehearing) and

*Young v. State,* 826 S.W.2d 141, 149 (Tex.Cr. App. No. 384–90, delivered April 1, 1992) (Opinion Denying State's Motion for Rehearing).

**1.** All emphasis here and throughout this opinion is mine unless otherwise indicated. All statutory articles cited are to the code of criminal procedure unless otherwise indicated.

cle 21.10, V.A.C.C.P. and e.g., *Benoit v. State,* 561 S.W.2d 810, at 813 (Tex.Cr.App. 1977); *Moore v. State,* 532 S.W.2d 333, at 335 (Tex.Cr.App.1976); *Wilson v. State,* 520 S.W.2d 377, at 379 (Tex.Cr.App.1975).

Two or more offenses may be joined in a single indictment, each stated in a separate count, where the offenses arise out of the same criminal episode within the meaning of Chapter 3 of the Penal Code. Article 21.24.[2] An accused in custody must be served with a certified copy of the indictment, Article 25.01, and an accused shall be arraigned thereon, Article 26.01, but not until two days have expired, unless he waive his rights thereto, Article 26.03. A plea of not guilty constitutes a denial of every material allegation in the indictment. Article 27.16.

An accused is entitled to ten days from service of indictment to file written pleadings. Articles 27.11 and 27.12. The trial court may set a case for pretrial hearing, and the record thus made including rulings by the court shall become a part of the record of the case. Article 28.01, §§ 1 and 3. Then or thereafter upon timely notice the State may amend the charging instrument before the date the trial commences, or the State may amend after trial commences if accused does not object—in either instance with leave of court and under its direction. Articles 28.10(a) and (b), and 28.11. Similarly, with consent of the trial

judge the State may dismiss a criminal action in whole or in part upon filing a written statement setting out reasons for such dismissal. Article 32.02.

## II

### A

Applicant was arrested on October 20, 1987, and held without bail on a complaint charging an offense of aggravated robbery on October 16, 1987, of Gerri Rose, and indicating another charge for aggravated robbery. He first appeared with counsel on November 13, 1987, and the matter was reset pending action by a grand jury.

The indictment in the primary cause was returned on January 8, 1988; it contains three numbered counts, each alleging an aggravated robbery: on October 16, 1987 of Gerri Rose; on August 28, 1987, of Debra Kay Williams; on September 24, 1987, of Deborah D. Yates. From January 28 through July 15, 1988, the case was routinely reset for various purposes such as "motions", "non issue" and, again, "motions;"[3] bail was fixed at $100,000, but the record does not show that applicant was released on bond. Other than one "non issue" setting, the remaining settings thereafter were for "trial;" both parties announced "ready for trial" December 5, 1988, and the case was "carried" for two

---

**2.** In Chapter 3, before amended by Acts 1987, 70th Leg. Ch. 387, § 1, effective September 1, 1987, § 3.01 provided that "'criminal episode' means the repeated commission of any one offense defined in Title 7 of this code (Offenses Against Property)." *Without further notice* an accused may be prosecuted "in a single criminal action for all offenses arising out of the same criminal episode," § 3.02(a); cf. § 3.02(b), in which event sentences for which he has been found guilty "shall run concurrently," § 3.03; however, should he exercise his right to a *mandatory severance* of offenses, *Overton v. State,* 552 S.W.2d 849 (Tex.Cr.App.1977); *Waythe v. State,* 533 S.W.2d 802 (Tex.Cr.App.1976), in its discretion the court may order sentences to run either concurrently or consecutively, §§ 3.04(a) and (b).

Because permissive joinder of offenses is a prerogative of the State in the first instance, neither Article 21.24 nor Chapter 3 recognizes any right in the State thereafter to sever offenses, the obvious implication being there is

none. Thus if one exists, it must be founded in the rules of common law. Article 1.27. The State merely assumes one, but has not identified any such rule for us.

**3.** Because the statute mandates it, Article 26.01, there is an appellate presumption that applicant was arraigned on the indictment, Tex.R.App. Pro. 80(d). Indeed, the instant judgment recites that applicant had been "duly arraigned [before] both parties announced ready for trial and thereupon a jury ... was duly selected, impaneled and sworn[.]" Tr. 70.

Early on, applicant filed a comprehensive motion for discovery and an elaborate motion to quash the indictment, the latter contending, *inter alia,* he was entitled to a severance of offenses under § 3.04, V.T.C.A. Penal Code. Notwithstanding later settings for "motions," so far as this record reveals neither the motions nor any other by either party, if filed, were ever called to the attention of the judge of the trial court and ruled on.

days and then reset for February 13, 1989. On that day the State announced "ready for trial," as presumably did applicant since the case was again "carried" without any further recorded event until February 15, when in the afternoon a panel of venirepersons were seated in the courtroom. So far as the record of this primary cause reveals, the sole indictment then extant is the same one originally returned January 8, 1988.

### B

The court of appeals was impressed with the facts that in his preliminary address to the venire the judge of the trial court "read only count II of the indictment;"[4] that after the jury was impaneled and sworn and outside its presence the State "presented only count II of the indictment to which appellant pled not guilty;" that the court charged the jury "on only count II of the indictment, and the jury found appellant guilty of aggravated robbery *as charged in count II of the indictment;*"[5] and that the State "presented no evidence on counts I and III of the indictment[.]" Accordingly, the court of appeals viewed the situation thus:

"... It is as if the State abandoned or dismissed counts I and III early in the proceedings ... before the jury was voir dired, impaneled and sworn and proceeded on only count II."

*Ex parte Preston,* 801 S.W.2d 604, at 605, 606 (Tex.App.—Houston [1st] 1990).[6] Based on that premise, the ultimate rationale of the court of appeals is that *applicant* "did not *choose* the jury in the first trial to hear evidence regarding counts I and III; that jury was voir dired only as to count II." *Id.,* at 607.[7] Therefore, the court held that "jeopardy did not attach to

---

4. In *Guzman v. State,* 732 S.W.2d 683 (Tex. App.—Corpus Christi 1987) no PDR, the court observed, correctly in my view, *viz:*

"If it is the State's contention that appellant was not placed in jeopardy on all the counts because not all counts were read to the jury, the State is wrong. Although this was the rule in Texas before *Crist v. Bretz* [437 U.S. 28, 98 S.Ct. 2156, 57 L.Ed.2d 24], it is not the rule now. *McElwee v. State,* 589 S.W.2d [455] at 455."

*Id.,* at 686, n. 1.

5. As an aside, one notices that the verdict signed by the foreman of the jury reads:

"We, the jury, find the defendant, Carl Thomas Preston, guilty of aggravated robbery, *as charged in the indictment.*"

6. Of course if that is what the State desired to do, it could have "abandoned or dismissed counts I and III" on the record in a manner prescribed by law. In this connection, worthy of note is that the court of appeals pretermitted the State's account of a pretrial "discussion" between the trial prosecutor and defense counsel to the effect that she would be proceeding only on count II, as well as the State's insistence, therefore, that "Counts One and Three were neither severed nor abandoned[.]" State's Appellate Brief, at 2–3. In short, the decision below is not bottomed on the theory advanced by the State.

Nonetheless, to gain an affirmance the State continues to hold here: "Counts One and Three were not dismissed, severed or abandoned; it was the prosecutor's understanding that she would simply try the remaining two counts in the future whenever the witnesses were available." State's Reply Brief on Petition for Discretionary Review, at 1. But, as the majority demonstrates, her "understanding" was not shared by counsel for applicant. Majority opinion, at 517–518. Had it been mutual, the parties had only to memorialize their "understanding" in writing and file it for inclusion in the transcript. See Tex.R.App.Pro. Rule 8.

7. Actually in his "voir dire" counsel for applicant addressed the venire so briefly that his comments are reported in just thirty-four lines. II S.F. 69–71.

Without alluding at all to the indictment, he reprised two general propositions, i.e., that in all criminal cases the burden of proof is on the State; that his definition of reasonable doubt is "doubt based on reason," and while the legislature failed to define the term, "if you are not sure that is reasonable doubt," and he hoped no venireperson "would guess someone into the penitentiary." *Id.,* 70.

He noticed that "together the court and the prosecutor have asked several hundred questions," so he was not going to ask any individual questions; he remarked that "we are not picking a jury," but those "we don't want;" that each side has ten strikes and "we decided [how to use them] probably in the first ten minutes so what we are doing now is making sure we get a fair and impartial jury." *Id.,* 70–71.

His only question: "[I]s there any reason that one of us failed to mention or we have just left out why you couldn't be a fair and impartial juror in this case?" [pause] "Since there are

counts I and III of the indictment in the first prosecution." *Ibid.*

But an "as if" scenario is beyond the intent, purpose and objective of our rules of criminal procedure. See *ante,* at 516–517. Once a charging instrument containing more than one count is presented to the trial court, and the record shows that accused had notice of it (by service or other functionally equivalent manner), was arraigned, announced ready for trial with the prosecution and proceeded to select a jury, jeopardy attaches to the original indictment when the jury is empaneled and sworn, *Crist v. Bretz,* 437 U.S. 28, at 38, 98 S.Ct. 2156, at 2162, 57 L.Ed.2d 24, at 33 (1978); *McElwee v. State,* 589 S.W.2d 455 (Tex.Cr. App.1979)—unless prior to that latter event the record shows that in open court, in the presence of accused and with leave of court, the prosecution elected to sever (assuming a right to do so, see n. 2, *ante* ) or to dismiss one or more counts, accused did not object and the court granted severance or dismissal of same in an order noted in the judgment ultimately entered. See *Patterson v. State,* 581 S.W.2d 696 (Tex.Cr. App.1979) (election to proceed on one count prior to jury being sworn precluded jeopardy from attaching to other count); cf. *Garza v. State,* 658 S.W.2d 152 (Tex.Cr. App.1982) (election to proceed on one count after prosecution closed barred second trial on "abandoned" count; see cases collected at 154–155).

### III

Given the law applicable to and appellate presumptions from the facts of the case, applicant *qua* defendant was absolutely justified in relying on the face of the indictment presented January 8, 1988, upon which he had been arraigned, to prepare his defense against three counts of aggravated robbery alleged therein, and to expect the State to proceed according to the indictment as presented by the grand jury.[8]

Nothing in the record of the primary cause remotely suggests that the State asked to withdraw its announcement of ready or requested a continuance; elected to sever or dismiss any count; gave applicant notice and sought leave of court to amend the indictment; proposed to amend in a manner affording applicant an opportunity to object; or made any amendment with leave of court or under its direction. And, consistent with his position, when the prosecution closed its case applicant moved for an instructed verdict of acquittal on counts I and III.[9]

In harboring the notion that jeopardy attaches solely to the count read to the venire and mentioned during voir dire, the prosecutor put the State at risk of jeopardy attaching to all counts when the jury was empaneled and sworn. Appellate prosecutors have not called to our attention anything in the code of criminal procedure or in the caselaw construing any germane provision which in our touted adversary criminal justice system demands that an accused so situated must protest when it appears the prosecution is concentrating its effort on only one count of a three count indictment, the trial on which the parties at least twice announced ready without qualification or condition. That thereafter the applicant was "arraigned" outside the presence of the jury and pleaded "not guilty" before the jury on the second count alone is

---

none, I will give you back all of this time. Thank you very much." *Id.,* 71.

8. During the year after it was filed his counsel did not pursue the allegation in the motion to quash that he was "entitled to a severance of offenses." See note 3, *ante.* Unlike defendants in *Jeffers v. United States,* 432 U.S. 137, 97 S.Ct. 2207, 53 L.Ed.2d 168 (1977), applicant did not *"successfully* oppose" consolidating charging instruments for trial, *id.,* at 142–143, S.Ct., at 2212, L.Ed.2d, at 175, and thus is not "solely responsible for the successive prosecutions," *id.,* at 154, S.Ct., at 2218, L.Ed.2d 182.

9. Through counsel applicant presented his motion for acquittal, *viz:*
"The defendant further moves for acquittal on the other two counts of the indictment that have never been severed from this case, and there has never been any motion to sever, there has never been any motion granted to sever them. The State has not put on any evidence at all and Mr. Preston moves for a verdict of acquittal on both of those cases, both of the other counts, Count 1 and Count 3."
The court summarily denied the motion. V S.F. 24–25.

no consequence in a jeopardy analysis since *Crist v. Bretz*, supra, abrogated our Texas rule. *McElwee*, supra, at 458–459.

For those reasons, the disposition of this cause on original submission is correct, as is the determination now that the State's Motion for Rehearing is without merit.