Calhoun v. State

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-02-478-CR

DERRICK EUGENE CALHOUN APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM COUNTY CRIMINAL COURT NO. 5 OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Derrick Eugene Calhoun appeals his conviction for assault of a family member.  We will affirm.

Appellant’s court-appointed appellate counsel has filed a motion to withdraw as counsel and a brief in support of that motion.  In the brief, counsel avers that, in his professional opinion, this appeal is frivolous.  Counsel’s brief and motion meet the requirements of 
Anders v. California
, 386 U.S. 738, 87 S. Ct. 1396 (1967), by presenting a professional evaluation of the record demonstrating why there are no arguable grounds for relief.  Appellant has also file a pro se brief, in which he complains that his trial counsel was ineffective.

Once appellant’s court-appointed counsel files a motion to withdraw on the ground that the appeal is frivolous and fulfills the requirements of 
Anders
, we are obligated to undertake an independent examination of the record and to essentially rebrief the case for appellant to see if there is any arguable ground that may be raised on his behalf.  
See Stafford v. State
, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991).  Because appellant entered an open plea of guilty, our independent review for potential error is limited to potential jurisdictional defects, the voluntariness of appellant’s plea, error that is not independent of the judgment of guilt, and error occurring after entry of the guilty plea.  
Monreal v. State,
 99 S.W.3d 615, 620 (Tex. Crim. App. 2003); 
Young v. State,
 8 S.W.3d 656, 666-67 (Tex. Crim. App. 2000); 
Flowers v. State,
 935 S.W.2d 131, 132-33 (Tex. Crim. App. 1996) (disapproved on other grounds by 
Cooper v. State,
 45 S.W.3d 77 (Tex. Crim. App. 2001)); 
Jack v. State,
 871 S.W.2d 741, 743-44 (Tex. Crim. App. 1994).  Our independent review of the record reveals that counsel has correctly determined that there are no arguable grounds for relief.

There are no jurisdictional errors.  The information conferred jurisdiction on the trial court and provided appellant with sufficient notice to prepare a defense.  
See
 Tex. Const. 
art. V, § 12; 
Tex. Code Crim. Proc. Ann. 
art. 4.07 (Vernon Supp.
 2004); 
Duron v. State
, 956 S.W.2d 547, 550-51 (Tex. Crim. App. 1997).

The record reflects that appellant knowingly and voluntarily entered his plea.  After being admonished by the trial court regarding the consequences of his plea, appellant insisted on pleading guilty and admitted his guilt in open court.  Nothing in the record would support a claim that appellant’s plea was involuntary.

There are no errors that are not independent of the judgment of guilt.  The record does not support appellant’s ineffective assistance of counsel claim because there is no evidence that trial counsel’s performance was deficient.  
Strickland v. Washington
, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984); 
Thompson v. State
, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999);
 Hernandez v. State
, 988 S.W.2d 770, 770 (Tex. Crim. App. 1999)
.  Appellant’s factual allegations in his pro se brief are not supported by the record; therefore, we cannot consider them.  
See Ex parte Preston,
 833 S.W.2d 515, 519 (Tex. Crim. App. 1992) (op. on reh’g) (holding that assertions in an appellate brief that are unsupported by the record will not be accepted as fact); 
Brown v. State,
 866 S.W.2d 675, 678 (Tex. App.—Houston [1
st
 Dist.] 1993, pet. ref’d) (refusing to consider material outside the record that was improperly attached to party’s appellate brief).

Finally, the trial court assessed punishment within the statutory range.  Assault of a family member is a Class A misdemeanor with a penalty range of confinement in jail for up to a year and up to a $4,000 fine.  
See 
Tex. Penal Code Ann.
 § 12.21 (Vernon 2003), 
§ 22.01(a), (b)(2) (Vernon Supp. 2004).  Appellant was sentenced to 280 days in jail.  There is nothing to suggest that the trial court erred in sentencing appellant.

Our independent review of the areas available to appellant for an appeal leads us to conclude that there are no grounds upon which appellant could be arguably successful on appeal.  Therefore, we grant appellate counsel’s motion to withdraw and affirm the trial court’s judgment.

PER CURIAM

PANEL F: CAYCE, C.J.; HOLMAN and GARDNER, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED: March 11, 2004

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.