COURT OF APPEALS
SECOND 
DISTRICT OF TEXAS
FORT 
WORTH
 
NO. 2-02-478-CR
 
  
DERRICK 
EUGENE CALHOUN                                                  APPELLANT
 
V.
 
THE 
STATE OF TEXAS                                                                  STATE
 
------------
 
FROM 
COUNTY CRIMINAL COURT NO. 5 OF TARRANT COUNTY
 
------------
 
MEMORANDUM OPINION[1]
 
------------
        Derrick 
Eugene Calhoun appeals his conviction for assault of a family member.  We 
will affirm.
        Appellant’s 
court-appointed appellate counsel has filed a motion to withdraw as counsel and 
a brief in support of that motion. In the brief, counsel avers that, in his 
professional opinion, this appeal is frivolous. Counsel’s brief and motion 
meet the requirements of Anders v. California, 386 U.S. 738, 87 S. Ct. 
1396 (1967), by presenting a professional evaluation of the record demonstrating 
why there are no arguable grounds for relief. Appellant has also file a pro se 
brief, in which he complains that his trial counsel was ineffective.
        Once 
appellant’s court-appointed counsel files a motion to withdraw on the ground 
that the appeal is frivolous and fulfills the requirements of Anders, we 
are obligated to undertake an independent examination of the record and to 
essentially rebrief the case for appellant to see if there is any arguable 
ground that may be raised on his behalf. See Stafford v. State, 813 
S.W.2d 503, 511 (Tex. Crim. App. 1991). Because appellant entered an open plea 
of guilty, our independent review for potential error is limited to potential 
jurisdictional defects, the voluntariness of appellant’s plea, error that is 
not independent of the judgment of guilt, and error occurring after entry of the 
guilty plea. Monreal v. State, 99 S.W.3d 615, 620 (Tex. Crim. App. 2003); 
Young v. State, 8 S.W.3d 656, 666-67 (Tex. Crim. App. 2000); Flowers 
v. State, 935 S.W.2d 131, 132-33 (Tex. Crim. App. 1996) (disapproved on 
other grounds by Cooper v. State, 45 S.W.3d 77 (Tex. Crim. App. 2001)); Jack 
v. State, 871 S.W.2d 741, 743-44 (Tex. Crim. App. 1994). Our independent 
review of the record reveals that counsel has correctly determined that there 
are no arguable grounds for relief.
        There 
are no jurisdictional errors. The information conferred jurisdiction on the 
trial court and provided appellant with sufficient notice to prepare a defense. See 
Tex. Const. art. V, § 12; Tex. Code Crim. Proc. Ann. art. 4.07 
(Vernon Supp. 2004); Duron v. State, 956 S.W.2d 547, 550-51 (Tex. Crim. 
App. 1997).
        The 
record reflects that appellant knowingly and voluntarily entered his plea. After 
being admonished by the trial court regarding the consequences of his plea, 
appellant insisted on pleading guilty and admitted his guilt in open court. 
Nothing in the record would support a claim that appellant’s plea was 
involuntary.
        There 
are no errors that are not independent of the judgment of guilt. The record does 
not support appellant’s ineffective assistance of counsel claim because there 
is no evidence that trial counsel’s performance was deficient. Strickland 
v. Washington, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984); Thompson 
v. State, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999); Hernandez v. State, 
988 S.W.2d 770, 770 (Tex. Crim. App. 1999). Appellant’s factual allegations in 
his pro se brief are not supported by the record; therefore, we cannot consider 
them. See Ex parte Preston, 833 S.W.2d 515, 519 (Tex. Crim. App. 1992) 
(op. on reh’g) (holding that assertions in an appellate brief that are 
unsupported by the record will not be accepted as fact); Brown v. State, 
866 S.W.2d 675, 678 (Tex. App.—Houston [1st Dist.] 1993, pet. 
ref’d) (refusing to consider material outside the record that was improperly 
attached to party’s appellate brief).
        Finally, 
the trial court assessed punishment within the statutory range. Assault of a 
family member is a Class A misdemeanor with a penalty range of confinement in 
jail for up to a year and up to a $4,000 fine. See Tex. Penal Code Ann. § 12.21 (Vernon 2003), § 22.01(a), 
(b)(2) (Vernon Supp. 2004). Appellant was sentenced to 280 days in jail. There 
is nothing to suggest that the trial court erred in sentencing appellant.
        Our 
independent review of the areas available to appellant for an appeal leads us to 
conclude that there are no grounds upon which appellant could be arguably 
successful on appeal. Therefore, we grant appellate counsel’s motion to 
withdraw and affirm the trial court’s judgment.

   
                                                                  PER 
CURIAM

   
PANEL F:   CAYCE, 
C.J.; HOLMAN and GARDNER, JJ.
 
DO 
NOT PUBLISH
Tex. R. App. P. 47.2(b)
 
DELIVERED: 
March 11, 2004


NOTES
1.  
See Tex. R. App. P. 47.4.