COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-03-347-CR
  
  
MARVIN 
GILBERT LEMANSKI                                                  APPELLANT
  
V.
  
THE 
STATE OF TEXAS                                                                  STATE
  
  
------------
 
FROM 
THE 371ST DISTRICT COURT OF TARRANT COUNTY
 
------------
 
MEMORANDUM OPINION[1]
 
------------
 
        Appellant 
Marvin Gilbert Lemanski appeals his conviction for aggravated robbery causing 
bodily injury to an elderly or disable person. We will affirm.
        Lemanski’s 
court-appointed appellate counsel has filed a motion to withdraw as counsel and 
a brief in support of that motion. In the brief, counsel avers that, in his 
professional opinion, this appeal is frivolous. Counsel’s brief and motion 
meet the requirements of Anders v. California, 386 U.S. 738, 87 S. Ct. 
1396 (1967), by presenting a professional evaluation of the record demonstrating 
why there are no arguable grounds for relief. Lemanski has also filed a pro se 
brief, in which he complains that his trial counsel was ineffective.
        Once 
appellant’s court-appointed counsel files a motion to withdraw on the ground 
that the appeal is frivolous and fulfills the requirements of Anders, we 
are obligated to undertake an independent examination of the record and to 
essentially rebrief the case for appellant to see if there is any arguable 
ground that may be raised on his behalf. See Stafford v. State, 813 
S.W.2d 503, 511 (Tex. Crim. App. 1991). Because Lemanski entered an open plea of 
guilty, our independent review for potential error is limited to potential 
jurisdictional defects, the voluntariness of his plea, error that is not 
independent of the judgment of guilt, and error occurring after entry of the 
guilty plea. See Monreal v. State, 99 S.W.3d 615, 620 (Tex. Crim. App. 
2003) (citing Young v. State, 8 S.W.3d 656, 666-67 (Tex. Crim. App. 
2000)); Jack v. State, 871 S.W.2d 741, 743-44 (Tex. Crim. App. 1994). Our 
independent review of the record reveals that counsel has correctly determined 
that there are no arguable grounds for relief.
        There 
are no jurisdictional errors. The indictment conferred jurisdiction on the trial 
court and provided Lemanski with sufficient notice to prepare a defense. See 
Tex. Const. art. V, § 12; Tex. Code Crim. Proc. Ann. art. 4.05 
(Vernon Supp. 2004); Duron v. State, 956 S.W.2d 547, 550-51 (Tex. Crim. 
App. 1997).
        The 
record reflects that Lemanski knowingly and voluntarily entered his plea. After 
being admonished by the trial court regarding the consequences of his plea, 
Lemanski insisted on pleading guilty and admitted his guilt in open court. 
Nothing in the record would support a claim that Lemanski’s plea was 
involuntary.
        There 
are no Young-type errors upon which the judgment of guilt is predicated. See 
Young, 8 S.W.3d at 666-67. The record does not support Lemanski’s claims 
of ineffective assistance of counsel because there is no evidence that trial 
counsel’s performance was deficient. Strickland v. Washington, 466 U.S. 
668, 687, 104 S. Ct. 2052, 2064 (1984); Thompson v. State, 9 S.W.3d 808, 
812 (Tex. Crim. App. 1999); Hernandez v. State, 988 S.W.2d 770, 770 (Tex. 
Crim. App. 1999). Lemanski’s factual allegations in his pro se brief are not 
supported by the record; therefore, we cannot consider them. See Thompson, 
9 S.W.3d at 813 (holding that any allegation of ineffectiveness must be firmly 
founded in record); Ex parte Preston, 833 S.W.2d 515, 519 (Tex. Crim. 
App. 1992) (op. on reh’g) (holding that assertions in appellate brief that are 
unsupported by record will not be accepted as fact).
        Finally, 
the trial court assessed punishment within the statutory range. Aggravated 
robbery is a first-degree felony with a penalty range of confinement in jail 
from five to ninety-nine years and up to a $10,000 fine. See Tex. Penal Code Ann. §§ 29.03 (b), 
12.32 (Vernon 2003). Lemanski was sentenced to thirty years in jail. There is 
nothing to suggest that the trial court erred in sentencing Lemanski.
        Our 
independent review of the areas available to Lemanski for an appeal leads us to 
conclude that there are no grounds upon which he could be arguably successful on 
appeal. Therefore, we grant appellate counsel’s motion to withdraw and affirm 
the trial court’s judgment.
  
 
                                                                  PER 
CURIAM
  
  
PANEL F:   WALKER, 
GARDNER, and MCCOY, JJ.
 
DO 
NOT PUBLISH
Tex. R. App. P. 47.2(b)
 
DELIVERED: 
July 22, 2004


NOTES
1.  
See Tex. R. App. P. 47.4.