Marvin Gilbert Lemanski v. State 

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO.  2-03-347-CR

MARVIN GILBERT LEMANSKI APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 371ST DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Appellant 
Marvin Gilbert Lemanski appeals his conviction for aggravated robbery causing bodily injury to an elderly or disable person.  We will affirm.

Lemanski’s court-appointed appellate counsel has filed a motion to withdraw as counsel and a brief in support of that motion.  In the brief, counsel avers that, in his professional opinion, this appeal is frivolous.  Counsel’s brief and motion meet the requirements of 
Anders v. California
, 386 U.S. 738, 87 S. Ct. 1396 (1967), by presenting a professional evaluation of the record demonstrating why there are no arguable grounds for relief.  Lemanski has also filed a pro se brief, in which he complains that his trial counsel was ineffective.

Once appellant’s court-appointed counsel files a motion to withdraw on the ground that the appeal is frivolous and fulfills the requirements of 
Anders
, we are obligated to undertake an independent examination of the record and to essentially rebrief the case for appellant to see if there is any arguable ground that may be raised on his behalf.  
See Stafford v. State
, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991).  Because Lemanski entered an open plea of guilty, our independent review for potential error is limited to potential jurisdictional defects, the voluntariness of his plea, error that is not independent of the judgment of guilt, and error occurring after entry of the guilty plea.  
See Monreal v. State,
 99 S.W.3d 615, 620 (Tex. Crim. App. 2003) (citing 
Young v. State,
 8 S.W.3d 656, 666-67 (Tex. Crim. App. 2000));
 
Jack v. State,
 871 S.W.2d 741, 743-44 (Tex. Crim. App. 1994).  Our independent review of the record reveals that counsel has correctly determined that there are no arguable grounds for relief.

There are no jurisdictional errors.  The indictment conferred jurisdiction on the trial court and provided Lemanski with sufficient notice to prepare a defense.  
See
 Tex. Const. 
art. V, § 12; 
Tex. Code Crim. Proc. Ann. 
art. 4.05 (Vernon Supp.
 2004); 
Duron v. State
, 956 S.W.2d 547, 550-51 (Tex. Crim. App. 1997).

The record reflects that Lemanski knowingly and voluntarily entered his plea.  After being admonished by the trial court regarding the consequences of his plea, Lemanski insisted on pleading guilty and admitted his guilt in open court.  Nothing in the record would support a claim that Lemanski’s plea was involuntary.

There are no 
Young
-type
 
errors upon which the judgment of guilt is predicated.  
See Young
, 8 S.W.3d at 666-67.  The record does not support Lemanski’s claims of ineffective assistance of counsel because there is no evidence that trial counsel’s performance was deficient.  
Strickland v. Washington
, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984); 
Thompson v. State
, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999);
 Hernandez v. State
, 988 S.W.2d 770, 770 (Tex. Crim. App. 1999)
.  Lemanski’s factual allegations in his pro se brief are not supported by the record; therefore, we cannot consider them.  
See Thompson
, 9 S.W.3d at 813 (holding that any allegation of ineffectiveness must be firmly founded in record);
 Ex parte Preston,
 833 S.W.2d 515, 519 (Tex. Crim. App. 1992) (op. on reh’g) (holding that assertions in appellate brief that are unsupported by record will not be accepted as fact)
. Finally, the trial court assessed punishment within the statutory range. Aggravated robbery is a first-degree felony with a penalty range of confinement in jail from five to ninety-nine years and up to a $10,000 fine. 
See 
Tex. Penal Code Ann.
 §§ 29.03 (b)
, 12.32 (Vernon 2003)
.  Lemanski was sentenced to thirty years in jail.  There is nothing to suggest that the trial court erred in sentencing Lemanski.

Our independent review of the areas available to Lemanski for an appeal leads us to conclude that there are no grounds upon which he could be arguably successful on appeal.  Therefore, we grant appellate counsel’s motion to withdraw and affirm the trial court’s judgment.

PER CURIAM

PANEL F: WALKER, GARDNER, and MCCOY, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED:
 July 22, 2004

FOOTNOTES
1:
See
 
Tex. R. App. P
. 47.4.