COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH


NO. 2-04-487-CR


ROBERT G. RUNELS                                                               APPELLANT

V.

THE STATE OF TEXAS                                                                  STATE

------------

FROM THE 396TH DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION [1]

------------
        Appellant Robert G. Runels appeals from his conviction for the offense of
aggravated sexual assault of a child under fourteen years old. In his sole issue,
appellant argues that his guilty plea was involuntary because of ineffective
assistance of counsel caused by his trial attorney’s conflict of interest. We
affirm.
        The complainant, C.R., made an outcry that she had been sexually abused
by her father (appellant) and brother. Appellant was charged with eleven
counts of sexual offenses against C.R. Appellant entered an open plea of guilty
to one count of aggravated sexual assault of a child under fourteen years old,
and the trial court sentenced him to twenty years’ confinement. 
        In his sole issue, appellant argues that his guilty plea was involuntary
because of ineffective assistance of counsel. Specifically, appellant argues that
his trial counsel, Jim Shaw, represented both appellant and appellant’s son,
thereby creating a conflict of interest. To support his claim of dual
representation, appellant points to a letter in which Shaw notified the trial court
that he was representing appellant. However, the letter does not mention
appellant’s son. Appellant also points to the State’s motion for hearing on
conflict of interest of defense counsel. In its motion, the State alleged that
Stacy Emerson represented both appellant and his son and asked the court to
review the matter for a possible conflict of interest. Appellant claims that Shaw
succeeded Emerson in the representation of him and his son. While Shaw’s
letter shows that he succeeded Emerson as appellant’s counsel, nothing in the
record supports appellant’s claim that Shaw succeeded Emerson as appellant’s
son’s counsel. 
        Appellant’s assertion that Shaw represented both appellant and
appellant’s son at the same time is not supported by the record, and we cannot
consider it as evidence that appellant’s trial counsel had a conflict of interest. 
See Ex parte Preston, 833 S.W.2d 515, 519 (Tex. Crim. App. 1992) (op. on
reh’g) (holding that assertions in an appellate brief that are unsupported by the
record will not be accepted as fact). Consequently, the record does not support
appellant’s ineffective assistance of counsel claim. See Strickland v.
Washington, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984); Thompson
v. State, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999); Hernandez v. State, 988
S.W.2d 770, 770 (Tex. Crim. App. 1999). We overrule appellant’s sole issue
and affirm the trial court’s judgment. 
 
 
                                                                  TERRIE LIVINGSTON
                                                                  JUSTICE
 
PANEL A:   LIVINGSTON, DAUPHINOT, and WALKER, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: August 18, 2005
 
NOTES
1. See Tex. R. App. P. 47.4.