RUNELS V. STATE

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-04-487-CR

ROBERT G. RUNELS APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 396TH DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Appellant Robert G. Runels appeals from his conviction for the offense of aggravated sexual assault of a child under fourteen years old.  In his sole issue, appellant argues that his guilty plea was involuntary because of ineffective assistance of counsel caused by his trial attorney’s conflict of interest.  We affirm.

The complainant, C.R., made an outcry that she had been sexually abused by her father (appellant) and brother.  Appellant was charged with eleven counts of sexual offenses against C.R.  Appellant entered an open plea of guilty to one count of aggravated sexual assault of a child under fourteen years old, and the trial court sentenced him to twenty years’ confinement. 

In his sole issue, appellant argues that his guilty plea was involuntary because of ineffective assistance of counsel.  Specifically, appellant argues that his trial counsel, Jim Shaw, represented both appellant and appellant’s son, thereby creating a conflict of interest.  To support his claim of dual representation, appellant points to a letter in which Shaw notified the trial court that he was representing appellant.  However, the letter does not mention appellant’s son.  Appellant also points to the State’s motion for hearing on conflict of interest of defense counsel.  In its motion, the State alleged that Stacy Emerson represented both appellant and his son and asked the court to review the matter for a possible conflict of interest.  Appellant claims that Shaw succeeded Emerson in the representation of him and his son.  While Shaw’s letter shows that he succeeded Emerson as appellant’s counsel, nothing in the record supports appellant’s claim that Shaw succeeded Emerson as appellant’s son’s counsel.  

Appellant’s assertion that Shaw represented both appellant and appellant’s son at the same time is not supported by the record, and we cannot consider it as evidence that appellant’s trial counsel had a conflict of interest.  
See Ex parte Preston,
 833 S.W.2d 515, 519 (Tex. Crim. App. 1992) (op. on reh’g) (holding that assertions in an appellate brief that are unsupported by the record will not be accepted as fact).  Consequently, the record does not support appellant’s ineffective assistance of counsel claim.  
See Strickland v. Washington
, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984); 
Thompson v. State
, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999);
 Hernandez v. State
, 988 S.W.2d 770, 770 (Tex. Crim. App. 1999). We overrule appellant’s sole issue and affirm the trial court’s judgment.  

TERRIE LIVINGSTON

JUSTICE

PANEL A: LIVINGSTON, DAUPHINOT, and WALKER, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED:  August 18, 2005

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.