CLAY V. STATE

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-03-445-CR

JOHN DAVID CLAY APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 297TH DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

John David Clay appeals his conviction for aggravated robbery with a deadly weapon.  We affirm.  

Appellant entered an open plea of guilty to the charge of aggravated robbery with a deadly weapon and pled true to an enhancement paragraph in the indictment alleging a prior felony conviction.  The trial court assessed his punishment at forty years’ confinement.  Appellant’s court-appointed appellate counsel has filed a motion to withdraw as counsel and a brief in support of that motion.  In the brief, counsel avers that, in his professional opinion, this appeal is frivolous.  Counsel’s brief and motion meet the requirements of 
Anders v. California
, 386 U.S. 738, 87 S. Ct. 1396 (1967), by presenting a professional evaluation of the record demonstrating why there are no arguable grounds for relief.  Appellant has also filed a pro se brief, in which he complains that the indictment was defective and that his trial counsel was ineffective.

Once appellant’s court-appointed counsel files a motion to withdraw on the ground that the appeal is frivolous and fulfills the requirements of 
Anders
, we are obligated to undertake an independent examination of the record and to essentially rebrief the case for appellant to see if there is any arguable ground that may be raised on his behalf.  
See Stafford v. State
, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991).  Because appellant entered an open plea of guilty, our independent review for potential error is limited to potential jurisdictional defects, the voluntariness of appellant’s plea, error that is not independent of the judgment of guilt, and error occurring after entry of the guilty plea.  
Monreal v. State,
 99 S.W.3d 615, 620 (Tex. Crim. App. 2003); 
Young v. State,
 8 S.W.3d 656, 666-67 (Tex. Crim. App. 2000); 
Flowers v. State,
 935 S.W.2d 131, 132-33 (Tex. Crim. App. 1996), 
disapproved on other grounds
 
by
 
Cooper v. State,
 45 S.W.3d 77 (Tex. Crim. App. 2001); 
Jack v. State,
 871 S.W.2d 741, 743-44 (Tex. Crim. App. 1994).  Our independent review of the record reveals that counsel has correctly determined that there are no arguable grounds for relief.

There are no jurisdictional errors.  The indictment conferred jurisdiction on the trial court and provided appellant with sufficient notice to prepare a defense.  
See
 Tex. Const. 
art. V, § 12; 
Tex. Code Crim. Proc. Ann. 
art. 4.05 (Vernon 2005
); 
Duron v. State
, 956 S.W.2d 547, 550-51 (Tex. Crim. App. 1997).  The indictment alleged that appellant committed aggravated robbery by using a deadly weapon, namely, a knife.  Appellant  argues in his first point that the indictment was defective because there was insufficient evidence that a knife is a deadly weapon.  However, appellant signed a judicial confession in which he swore that he committed each and every allegation contained in the indictment.  The trial court took judicial notice of appellant’s judicial confession.  A judicial confession alone is sufficient evidence to support a trial court’s judgment when a defendant pleads guilty to an offense.  
Dinnery v. State
, 592 S.W.2d 343, 353  (Tex. Crim. App. [Panel Op.] 1980) (op. on reh’g).  Therefore, there was sufficient evidence for the court to find that appellant used a knife to commit aggravated robbery and that a knife is a deadly weapon.   

The trial court found appellant competent to stand trial.  The record reflects that appellant knowingly and voluntarily entered his plea.  After being admonished by the trial court regarding the consequences of his plea, appellant pled guilty and admitted his guilt in open court.  Nothing in the record would support a claim that appellant’s plea was involuntary.

There are no errors that are not independent of the judgment of guilt.  Appellant filed a number of pretrial motions.  The trial court granted appellant’s motion for a competency examination but did not rule on the rest of appellant’s motions.  Because appellant did not object to the lack of rulings on his motions,
 any error related to the pretrial motions was not preserved for review.  
See
 
Tex. R. App. P.
 33.1(a)(2); 
Mendez v. State
, 138 S.W.3d 334, 341 (Tex. Crim. App. 2004). 

The record does not support appellant’s ineffective assistance of counsel claim because there is no evidence that trial counsel’s performance was deficient.  
Strickland v. Washington
, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984); 
Thompson v. State
, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999);
 Hernandez v. State
, 988 S.W.2d 770, 770 (Tex. Crim. App. 1999)
.  Appellant’s factual allegations in his pro se brief are not supported by the record; therefore, we cannot consider them.  
See Ex parte Preston,
 833 S.W.2d 515, 519 (Tex. Crim. App. 1992) (op. on reh’g) (holding that assertions in an appellate brief that are unsupported by the record will not be accepted as fact); 
Brown v. State,
 866 S.W.2d 675, 678 (Tex. App.—Houston [1st
 Dist.] 1993, pet. ref’d) (refusing to consider material outside the record that was improperly attached to party’s appellate brief).

Finally, the trial court assessed punishment within the statutory range.  Aggravated robbery is a first degree felony with a penalty range of fifteen to ninety-nine years’ confinement for a defendant with a prior felony conviction.  
See 
Tex. Penal Code Ann.
 ྷ
 12.32 (Vernon 2003), ྷ 12.42 (Vernon Supp. 2004-05), ྷ 29.03 (Vernon 2003).  The trial court assessed appellant’s punishment at forty years’ confinement.  There is nothing to suggest that the trial court abused its discretion by assessing appellant’s punishment.

Our independent review of the areas available to appellant for an appeal leads us to conclude that there are no grounds upon which appellant could  arguably be successful on appeal.  Therefore, we overrule appellant’s points, grant appellate counsel’s motion to withdraw, and affirm the trial court’s judgment.

PER CURIAM

PANEL F: LIVINGSTON, J.; CAYCE, C.J.; and MCCOY, J.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED:  July 21, 2005 

FOOTNOTES
1:
See 
Tex. R. App. P.
 47.4.