COURT OF APPEALS
SECOND 
DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-03-445-CR
 
  
JOHN 
DAVID CLAY                                                               APPELLANT
  
V.
  
THE 
STATE OF TEXAS                                                                  STATE
  
  
------------
 
FROM 
THE 297TH DISTRICT COURT OF TARRANT COUNTY
 
------------
 
MEMORANDUM OPINION[1]
 
------------
        John 
David Clay appeals his conviction for aggravated robbery with a deadly 
weapon.  We affirm.
        Appellant 
entered an open plea of guilty to the charge of aggravated robbery with a deadly 
weapon and pled true to an enhancement paragraph in the indictment alleging a 
prior felony conviction.  The trial court assessed his punishment at forty 
years’ confinement. Appellant’s court-appointed appellate counsel has filed 
a motion to withdraw as counsel and a brief in support of that motion.  In 
the brief, counsel avers that, in his professional opinion, this appeal is 
frivolous.  Counsel’s brief and motion meet the requirements of Anders 
v. California, 386 U.S. 738, 87 S. Ct. 1396 (1967), by presenting a 
professional evaluation of the record demonstrating why there are no arguable 
grounds for relief.  Appellant has also filed a pro se brief, in which he 
complains that the indictment was defective and that his trial counsel was 
ineffective.
        Once 
appellant’s court-appointed counsel files a motion to withdraw on the ground 
that the appeal is frivolous and fulfills the requirements of Anders, we 
are obligated to undertake an independent examination of the record and to 
essentially rebrief the case for appellant to see if there is any arguable 
ground that may be raised on his behalf.  See Stafford v. State, 813 
S.W.2d 503, 511 (Tex. Crim. App. 1991).  Because appellant entered an open 
plea of guilty, our independent review for potential error is limited to 
potential jurisdictional defects, the voluntariness of appellant’s plea, error 
that is not independent of the judgment of guilt, and error occurring after 
entry of the guilty plea.  Monreal v. State, 99 S.W.3d 615, 620 
(Tex. Crim. App. 2003); Young v. State, 8 S.W.3d 656, 666-67 (Tex. Crim. 
App. 2000); Flowers v. State, 935 S.W.2d 131, 132-33 (Tex. Crim. App. 
1996), disapproved on other grounds by Cooper v. State, 45 S.W.3d 77 
(Tex. Crim. App. 2001); Jack v. State, 871 S.W.2d 741, 743-44 (Tex. Crim. 
App. 1994).  Our independent review of the record reveals that counsel has 
correctly determined that there are no arguable grounds for relief.
        There 
are no jurisdictional errors.  The indictment conferred jurisdiction on the 
trial court and provided appellant with sufficient notice to prepare a 
defense.  See Tex. Const. 
art. V, § 12; Tex. Code Crim. Proc. Ann. 
art. 4.05 (Vernon 2005); Duron v. State, 956 S.W.2d 547, 550-51 
(Tex. Crim. App. 1997).  The indictment alleged that appellant committed 
aggravated robbery by using a deadly weapon, namely, a knife.  Appellant 
argues in his first point that the indictment was defective because there was 
insufficient evidence that a knife is a deadly weapon.  However, appellant 
signed a judicial confession in which he swore that he committed each and every 
allegation contained in the indictment. The trial court took judicial notice of 
appellant’s judicial confession.  A judicial confession alone is 
sufficient evidence to support a trial court’s judgment when a defendant 
pleads guilty to an offense.  Dinnery v. State, 592 S.W.2d 343, 353 
(Tex. Crim. App. [Panel Op.] 1980) (op. on reh’g).  Therefore, there was 
sufficient evidence for the court to find that appellant used a knife to commit 
aggravated robbery and that a knife is a deadly weapon.
        The 
trial court found appellant competent to stand trial.  The record reflects 
that appellant knowingly and voluntarily entered his plea.  After being 
admonished by the trial court regarding the consequences of his plea, appellant 
pled guilty and admitted his guilt in open court.  Nothing in the record 
would support a claim that appellant’s plea was involuntary.
        There 
are no errors that are not independent of the judgment of guilt.  Appellant 
filed a number of pretrial motions.  The trial court granted appellant’s 
motion for a competency examination but did not rule on the rest of 
appellant’s motions.  Because appellant did not object to the lack of 
rulings on his motions, any error related to the pretrial motions was not 
preserved for review.  See Tex. 
R. App. P. 33.1(a)(2); Mendez v. State, 138 S.W.3d 334, 341 (Tex. 
Crim. App. 2004).
        The 
record does not support appellant’s ineffective assistance of counsel claim 
because there is no evidence that trial counsel’s performance was 
deficient.  Strickland v. Washington, 466 U.S. 668, 687, 104 S. Ct. 
2052, 2064 (1984); Thompson v. State, 9 S.W.3d 808, 812 (Tex. Crim. App. 
1999); Hernandez v. State, 988 S.W.2d 770, 770 (Tex. Crim. App. 
1999).  Appellant’s factual allegations in his pro se brief are not 
supported by the record; therefore, we cannot consider them.  See Ex 
parte Preston, 833 S.W.2d 515, 519 (Tex. Crim. App. 1992) (op. on reh’g) 
(holding that assertions in an appellate brief that are unsupported by the 
record will not be accepted as fact); Brown v. State, 866 S.W.2d 675, 678 
(Tex. App.—Houston [1st Dist.] 1993, pet. ref’d) (refusing to consider 
material outside the record that was improperly attached to party’s appellate 
brief).
        Finally, 
the trial court assessed punishment within the statutory range.  Aggravated 
robbery is a first degree felony with a penalty range of fifteen to ninety-nine 
years’ confinement for a defendant with a prior felony conviction.  See 
Tex. Penal Code Ann. § 12.32 
(Vernon 2003), § 12.42 (Vernon Supp. 2004-05), § 29.03 (Vernon 2003).  
The trial court assessed appellant’s punishment at forty years’ 
confinement.  There is nothing to suggest that the trial court abused its 
discretion by assessing appellant’s punishment.
        Our 
independent review of the areas available to appellant for an appeal leads us to 
conclude that there are no grounds upon which appellant could arguably be 
successful on appeal.  Therefore, we overrule appellant’s points, grant 
appellate counsel’s motion to withdraw, and affirm the trial court’s 
judgment.
  
                                                                  PER 
CURIAM
 
  
  
PANEL 
F:   LIVINGSTON, J.; CAYCE, C.J.; and MCCOY, J.
 
DO 
NOT PUBLISH
Tex. R. App. P. 47.2(b)
 
DELIVERED: 
July 21, 2005

 
NOTES
1.  
See Tex. R. App. P. 47.4.