Victor T. Stevens v. State

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-04-533-CR

VICTOR T. STEVENS APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM CRIMINAL DISTRICT COURT NO. 1 OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1) 
ON REHEARING

------------

We deny Appellant 
Victor T. Stevens’s 
motion for rehearing.
(footnote: 2)  However, we withdraw our previous opinion and judgment issued June 30, 2005, and substitute the following. 

Pursuant to a plea bargain, Stevens pleaded guilty to driving while intoxicated—felony repetition, and the trial court placed him on ten years’ deferred adjudication community supervision.  Later, the State filed a petition for revocation of suspended sentence, alleging that Stevens (1) committed the offense of public intoxication on or about June 17, 2004 and (2) failed to abstain from the consumption of alcohol by reporting while intoxicated to the Tarrant County Jail for work release on June 17, 2004.  Thereafter, Stevens executed written plea admonishments agreeing to three years’ confinement, but the trial court rejected the plea.  Subsequently, Stevens entered his plea of true to both allegations in the State’s petition for revocation and testified, along with his mother, at the punishment portion of the hearing. The trial court adjudicated Stevens guilty of driving while intoxicated—felony repetition
 and sentenced him to eight years’ confinement.

Stevens’s court-appointed appellate counsel has filed a motion to withdraw as counsel and a brief in support of that motion.  In the brief, counsel avers that, in his professional opinion, this appeal is frivolous.  Counsel’s brief and motion meet the requirements of 
Anders v. California
(footnote: 3) by presenting a professional evaluation of the record demonstrating why there are no arguable grounds for relief.  Stevens initially filed a pro se letter brief, in which he complains that a urinalysis would show that he did not violate his probation, that his plea was involuntary because he was “put under the assumption” that he would receive rehabilitation, that his retained counsel at the revocation hearing was ineffective, that his mother testified falsely, and that the prosecutor engaged in improper argument.  The State filed a letter brief stating that Stevens points to nothing, and the record contains nothing, that would support any of these claims.

After we issued our original opinion but before our plenary power expired, Stevens sent us a letter with his pro se appellate brief, stating that he had mailed the brief by registered certified mail and that it was postmarked May 28, 2005.  Because Stevens’s pro se brief was purportedly timely filed,
(footnote: 4) in the interest of justice we will address his additional six grounds of error:  on April 23, 2004, the trial court erred by not fully admonishing him of the consequences of deferred adjudication probation; on April 23, 2004, the trial court erred by imposing incarceration and a fine as a condition of deferred adjudication probation; on April 23, 2004 and September 3, 2004, the trial court erred by not providing him with an evaluation determining the appropriateness of rehabilitation pursuant to code of criminal procedure article 42.12, § 9(h); on June 23, 2004, the trial court erred by reviewing reports and citations prior to any hearings on innocence or guilt; on June 23, 2004, the trial court erred by issuing a capias for his arrest prior to any hearings on innocence or guilt; and on September 3, 2004, the trial court erred by imposing a prejudged sentence on him.

Once an appellant’s court-appointed counsel files a motion to withdraw on the ground that the appeal is frivolous and fulfills the requirements of 
Anders
, we are obligated to undertake an independent examination of the record and to essentially rebrief the case for the appellant to see if there is any arguable ground that may be raised on his behalf.
  See Stafford v. State
, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991). 

Our independent review for potential error is limited to potential jurisdictional defects, potential errors not involving the decision to adjudicate, and potential errors occurring after adjudication.  
See 
Tex. Code Crim. Proc. Ann.
 art. 42.12, § 5(b) (Vernon Supp. 2004-05); 
Nix v. State
, 65 S.W.3d 664, 667-68 (Tex. Crim. App. 2001)
; Vidaurri v. State
, 49 S.W.3d 880, 885 (Tex. Crim. App. 2001); 
Manuel v. State
, 994 S.W.2d 658, 661-62 (Tex. Crim. App. 1999).
  Our independent review of the record reveals that counsel has correctly determined that there are no arguable grounds for relief.

There are no jurisdictional errors; the trial court had subject matter jurisdiction over this case.  
See
 Tex. Code Crim. Proc. Ann.
 arts. 4.05, 42.12, § 5(b) (Vernon 2005).
  Further, the indictment was not defective; it sufficiently conferred jurisdiction on the trial court and gave Stevens sufficient notice.  
See
 
Tex. Const.
 art. V, § 12(b)
; 
Tex. Penal Code Ann.
 § 49.04(a) (Vernon 2003); 
Duron v. State
, 956 S.W.2d 547, 550-51 (Tex. Crim. App. 1997).
  The record reflects sufficient evidence to support the conviction.  Stevens’s signed judicial confession appears in the clerk’s record, but there is no indication that the trial court took judicial notice of the judicial confession or admitted it into evidence. 
See McDougal v. State
, 105 S.W.3d 119, 120-21 (Tex. App.—Fort Worth 2003, pet. ref’d).  However, 
a record was made of the hearing at which Stevens pled true to the allegations in the State’s petition.  
See 
Moore v. State
, 605 S.W.2d 924, 926 (Tex. Crim. App. [Panel Op.] 1980) (holding that
 sufficient proof on one ground for revocation supports revocation
).
  The trial court gave Stevens the opportunity to offer mitigating evidence
, and he did so during the punishment phase of the hearing without objecting to the absence of a separate punishment hearing after adjudication and revocation.  
See Hardeman v. State
, 1 S.W.3d 689, 690-91 (Tex. Crim. App. 1999) (holding that defendant does not have absolute right to separate punishment hearing but must have opportunity to present mitigating evidence if that right was not afforded during adjudication).  It is clear from the reporter’s record and the sentence of eight years that the trial court considered the mitigating evidence. The sentence assessed by the trial court is within the statutorily permissible range.  
See
 
Tex. Penal Code Ann.
 § 12.34(a) (Vernon 2003).
  Stevens was represented by counsel in all proceedings.

As to Stevens’s ineffective assistance of counsel claim, we note that the record has not been developed in this regard.  A record sufficient to show ineffective assistance of counsel can rarely be developed on direct appeal.  The Texas Court of Criminal Appeals has pointed out that an application for a writ of habeas corpus is the more appropriate vehicle to raise ineffective assistance of counsel claims.  
Rylander v. State
, 101 S.W.3d 107, 110 (Tex. Crim. App. 2003); 
see also Strickland v. Washington
, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984); 
Thompson v. State
, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999);
 Hernandez v. State
, 988 S.W.2d 770, 770 (Tex. Crim. App. 1999) (all providing standard of review for ineffective assistance claims)
.
  

Stevens’s other factual allegations in his pro se letter brief (voluntariness, urinalysis, false testimony, and improper prosecutorial argument) are not supported by the record; therefore, we cannot consider them.  
See Ex parte Preston,
 833 S.W.2d 515, 519 (Tex. Crim. App. 1992) (op. on reh’g) (holding that assertions in an appellate brief that are unsupported by the record will not be accepted as fact).
  These contentions are also undercut by the fact that Stevens pled true to the revocation grounds and did not request a urinalysis in the trial court, the fact that Stevens’s mother—whom he claims testified falsely—was called by him, and the fact that no jury was present and no jury argument was conducted.  Therefore, we overrule all of the allegations in Stevens’s pro se letter brief.

Stevens’s allegations in his pro se appellate brief also do not mandate reversal.  Stevens waived his first two grounds of error, pertaining to his initial hearing in April, because a defendant placed on deferred adjudication has to appeal issues relating to the original deferred adjudication proceeding when deferred adjudication is first imposed.  
See Daniels v. State
, 30 S.W.3d 407, 408 (Tex. Crim. App. 2000).  With regard to Stevens’s third ground of error, the record does not contain the evaluation determining rehabilitation, but it is implicit in the trial court’s initial order placing Stevens on deferred adjudication; it required him to “attend and complete . . . counseling and/or treatment” and required him to attend Alcoholics Anonymous three times a week.  Stevens’s fourth and fifth grounds complain about the trial court’s actions prior to the adjudication hearing—reviewing the sheriff’s report, which stated that Stevens was intoxicated when he reported to the work release program, and issuing a capias for his arrest.  However, the trial court’s actions were proper in light of the supplemental community supervision conditions that Stevens signed, stating that the trial court “ha[d] the authority, at any time during the period of Community Supervision, to Revoke your Community Supervision for any violation of the conditions of your Community Supervision.”  In his sixth ground, Stevens contends that the trial court erred by imposing a prejudged sentence.  The contentions on which Stevens bases his argument are not supported by the record; therefore, we cannot consider them.  
See Preston,
 833 S.W.2d at 519.  We overrule all six of Stevens’s grounds of 
error raised in his pro se appellate brief.

After independently reviewing the record, we agree with appellate counsel’s determination that any appeal from this case would be frivolous.  Accordingly, we grant appellate counsel’s motion to withdraw and affirm the trial court’s judgment.

PER CURIAM

PANEL F: WALKER, DAUPHINOT, and HOLMAN, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED: August 25, 2005

FOOTNOTES
1:
See
 
Tex. R. App. P
. 47.4.

2:
We liberally construe Stevens’s letter, asking us to re-review his appeal, as a motion for rehearing.  
See 
Tex. R. App. P.
 38.9; 
In re L.M.I.
, 119 S.W.3d 707, 733 & n.14 (Tex. 2003) (Owen, J., concurring and dissenting) (stating that “[i]t has long been ‘our practice to liberally construe [briefs] in order to obtain a just, fair[,] and equitable adjudication of the right of the litigants’”), 
cert. denied
, 541 U.S. 1043 (2004).

3:
386 U.S. 738, 87 S. Ct. 1396 (1967).

4:
See Warner v. Glass
, 135 S.W.3d 681, 684 (Tex. 2004) (holding that pro se inmate’s claim is filed when inmate places document, in properly addressed and stamped envelope or wrapper, into prison mail system).