COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-04-533-CR
 
  
VICTOR 
T. STEVENS                                                             APPELLANT
  
V.
  
THE 
STATE OF TEXAS                                                                  STATE
 
  
------------
 
FROM 
CRIMINAL DISTRICT COURT NO. 1 OF TARRANT COUNTY
 
------------
 
MEMORANDUM OPINION[1] ON REHEARING
 
------------
        We 
deny Appellant Victor T. 
Stevens’s motion for rehearing.[2]  
However, we withdraw our previous opinion and judgment issued June 30, 2005, and 
substitute the following.
        Pursuant 
to a plea bargain, Stevens pleaded guilty to driving while intoxicated—felony 
repetition, and the trial court placed him on ten years’ deferred adjudication 
community supervision. Later, the State filed a petition for revocation of 
suspended sentence, alleging that Stevens (1) committed the offense of public 
intoxication on or about June 17, 2004 and (2) failed to abstain from the 
consumption of alcohol by reporting while intoxicated to the Tarrant County Jail 
for work release on June 17, 2004. Thereafter, Stevens executed written plea 
admonishments agreeing to three years’ confinement, but the trial court 
rejected the plea. Subsequently, Stevens entered his plea of true to both 
allegations in the State’s petition for revocation and testified, along with 
his mother, at the punishment portion of the hearing. The trial court 
adjudicated Stevens guilty of driving while intoxicated—felony repetition and sentenced him to eight years’ 
confinement.
        Stevens’s 
court-appointed appellate counsel has filed a motion to withdraw as counsel and 
a brief in support of that motion. In the brief, counsel avers that, in his 
professional opinion, this appeal is frivolous. Counsel’s brief and motion 
meet the requirements of Anders v. California[3] 
by presenting a professional evaluation of the record demonstrating why there 
are no arguable grounds for relief. Stevens initially filed a pro se letter 
brief, in which he complains that a urinalysis would show that he did not 
violate his probation, that his plea was involuntary because he was “put under 
the assumption” that he would receive rehabilitation, that his retained 
counsel at the revocation hearing was ineffective, that his mother testified 
falsely, and that the prosecutor engaged in improper argument. The State filed a 
letter brief stating that Stevens points to nothing, and the record contains 
nothing, that would support any of these claims.
        After 
we issued our original opinion but before our plenary power expired, Stevens 
sent us a letter with his pro se appellate brief, stating that he had mailed the 
brief by registered certified mail and that it was postmarked May 28, 2005. 
Because Stevens’s pro se brief was purportedly timely filed,[4] 
in the interest of justice we will address his additional six grounds of error: 
on April 23, 2004, the trial court erred by not fully admonishing him of the 
consequences of deferred adjudication probation; on April 23, 2004, the trial 
court erred by imposing incarceration and a fine as a condition of deferred 
adjudication probation; on April 23, 2004 and September 3, 2004, the trial court 
erred by not providing him with an evaluation determining the appropriateness of 
rehabilitation pursuant to code of criminal procedure article 42.12, § 9(h); on 
June 23, 2004, the trial court erred by reviewing reports and citations prior to 
any hearings on innocence or guilt; on June 23, 2004, the trial court erred by 
issuing a capias for his arrest prior to any hearings on innocence or guilt; and 
on September 3, 2004, the trial court erred by imposing a prejudged sentence on 
him.
        Once 
an appellant’s court-appointed counsel files a motion to withdraw on the 
ground that the appeal is frivolous and fulfills the requirements of Anders, 
we are obligated to undertake an independent examination of the record and to 
essentially rebrief the case for the appellant to see if there is any arguable 
ground that may be raised on his behalf. See Stafford v. State, 813 S.W.2d 503, 511 (Tex. Crim. 
App. 1991).
        Our 
independent review for potential error is limited to potential jurisdictional 
defects, potential errors not involving the decision to adjudicate, and 
potential errors occurring after adjudication.  See Tex. Code Crim. Proc. Ann. art. 42.12, 
§ 5(b) (Vernon Supp. 2004-05); Nix v. State, 65 S.W.3d 664, 667-68 (Tex. Crim. 
App. 2001); Vidaurri v. State, 49 S.W.3d 880, 885 (Tex. 
Crim. App. 2001); Manuel v. State, 994 S.W.2d 658, 661-62 (Tex. Crim. 
App. 1999).  Our independent review of the record reveals that 
counsel has correctly determined that there are no arguable grounds for relief.
        There 
are no jurisdictional errors; the trial court had subject matter jurisdiction 
over this case.  See Tex. Code Crim. Proc. Ann. arts. 4.05, 
42.12, § 5(b) (Vernon 2005).  Further, the indictment was 
not defective; it sufficiently conferred jurisdiction on the trial court and 
gave Stevens sufficient notice.  See Tex. Const. art. V, § 12(b); Tex. Penal Code Ann. § 49.04(a) (Vernon 
2003); Duron v. State, 956 S.W.2d 547, 550-51 (Tex. Crim. App. 
1997).  The record reflects sufficient evidence to support the 
conviction.  Stevens’s signed judicial confession appears in the 
clerk’s record, but there is no indication that the trial court took judicial 
notice of the judicial confession or admitted it into evidence.  See McDougal v. State, 105 
S.W.3d 119, 120-21 (Tex. App.—Fort Worth 2003, pet. ref’d).  However, a record was made of the hearing at 
which Stevens pled true to the allegations in the State’s petition.  See 
Moore v. State, 605 S.W.2d 924, 926 (Tex. Crim. 
App. [Panel Op.] 1980) (holding that sufficient proof on one ground for 
revocation supports revocation).  The trial court gave Stevens 
the opportunity to offer mitigating evidence, and he did so during the punishment 
phase of the hearing without objecting to the absence of a separate punishment 
hearing after adjudication and revocation.  See Hardeman v. State, 1 
S.W.3d 689, 690-91 (Tex. Crim. App. 1999) (holding that defendant does not have 
absolute right to separate punishment hearing but must have opportunity to 
present mitigating evidence if that right was not afforded during 
adjudication).  It is clear from the reporter’s record and the sentence 
of eight years that the trial court considered the mitigating evidence.  
The sentence assessed by the trial court is within the statutorily permissible 
range.  See Tex. Penal Code 
Ann. § 12.34(a) (Vernon 2003).  Stevens was represented by 
counsel in all proceedings.
        As 
to Stevens’s ineffective assistance of counsel claim, we note that the record 
has not been developed in this regard. A record sufficient to show ineffective 
assistance of counsel can rarely be developed on direct appeal. The Texas Court 
of Criminal Appeals has pointed out that an application for a writ of habeas 
corpus is the more appropriate vehicle to raise ineffective assistance of 
counsel claims. Rylander 
v. State, 101 S.W.3d 
107, 110 (Tex. Crim. App. 2003); see also Strickland v. Washington, 466 
U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984); Thompson v. State, 9 S.W.3d 
808, 812 (Tex. Crim. App. 1999); Hernandez v. State, 988 S.W.2d 770, 770 
(Tex. Crim. App. 1999) (all providing standard of review for ineffective 
assistance claims).
        Stevens’s 
other factual allegations in his pro se letter brief (voluntariness, urinalysis, 
false testimony, and improper prosecutorial argument) are not supported by the 
record; therefore, we cannot consider them.  See Ex parte Preston, 833 S.W.2d 515, 519 (Tex. Crim. App. 
1992) (op. on reh’g) (holding that assertions in an appellate brief that are 
unsupported by the record will not be accepted as fact).  These contentions 
are also undercut by the fact that Stevens pled true to the revocation grounds 
and did not request a urinalysis in the trial court, the fact that Stevens’s 
mother—whom he claims testified falsely—was called by him, and the fact that 
no jury was present and no jury argument was conducted. Therefore, we overrule 
all of the allegations in Stevens’s pro se letter brief.
        Stevens’s 
allegations in his pro se appellate brief also do not mandate reversal. Stevens 
waived his first two grounds of error, pertaining to his initial hearing in 
April, because a defendant placed on deferred adjudication has to appeal issues 
relating to the original deferred adjudication proceeding when deferred 
adjudication is first imposed. See Daniels v. State, 30 S.W.3d 407, 408 
(Tex. Crim. App. 2000). With regard to Stevens’s third ground of error, the 
record does not contain the evaluation determining rehabilitation, but it is 
implicit in the trial court’s initial order placing Stevens on deferred 
adjudication; it required him to “attend and complete . . . counseling and/or 
treatment” and required him to attend Alcoholics Anonymous three times a week. 
Stevens’s fourth and fifth grounds complain about the trial court’s actions 
prior to the adjudication hearing—reviewing the sheriff’s report, which 
stated that Stevens was intoxicated when he reported to the work release 
program, and issuing a capias for his arrest. However, the trial court’s 
actions were proper in light of the supplemental community supervision 
conditions that Stevens signed, stating that the trial court “ha[d] the 
authority, at any time during the period of Community Supervision, to Revoke 
your Community Supervision for any violation of the conditions of your Community 
Supervision.” In his sixth ground, Stevens contends that the trial court erred 
by imposing a prejudged sentence. The contentions on which Stevens bases his 
argument are not supported by the record; therefore, we cannot consider them. See Preston, 833 S.W.2d at 519. We overrule all 
six of Stevens’s grounds of error raised in his pro se appellate 
brief.
        After 
independently reviewing the record, we agree with appellate counsel’s 
determination that any appeal from this case would be frivolous. Accordingly, we 
grant appellate counsel’s motion to withdraw and affirm the trial court’s 
judgment.
  
  
                                                          PER 
CURIAM
 
 
PANEL F:   WALKER, 
DAUPHINOT, and HOLMAN, JJ.
 
DO NOT PUBLISH
Tex. R. App. P. 47.2(b)
 
DELIVERED: August 25, 2005

 
NOTES
1.  
See Tex. R. App. P. 47.4.
2.  
We liberally construe Stevens’s letter, asking us to re-review his appeal, as 
a motion for rehearing.  See Tex. 
R. App. P. 38.9; In re L.M.I., 119 S.W.3d 707, 733 & n.14 
(Tex. 2003) (Owen, J., concurring and dissenting) (stating that “[i]t has long 
been ‘our practice to liberally construe [briefs] in order to obtain a just, 
fair[,] and equitable adjudication of the right of the litigants’”), cert. 
denied, 541 U.S. 1043 (2004).
3.  
386 U.S. 738, 87 S. Ct. 1396 (1967).
4.  
See Warner v. Glass, 135 S.W.3d 681, 684 (Tex. 2004) (holding that pro se 
inmate’s claim is filed when inmate places document, in properly addressed and 
stamped envelope or wrapper, into prison mail system).