NO. 07-06-0347-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

SEPTEMBER 6, 2006

______________________________

KENNETH FELIX GOMEZ, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_________________________________

FROM THE 242ND DISTRICT COURT OF HALE COUNTY;

NO. B16726-0603; HONORABLE EL SELF, JUDGE

_______________________________

Before REAVIS and CAMPBELL and HANCOCK, JJ.

MEMORANDUM OPINION

Following a plea of guilty, appellant Kenneth Felix Gomez was convicted of evading arrest or detention, enhanced, and punishment was assessed at fifteen years confinement.  Sentence was imposed on June 9, 2006, and no motion for new trial was filed.  On August 9, 2006, proceeding pro se, appellant filed a notice of appeal in this Court.
(footnote: 1)
 A defendant must file a
 written notice of appeal with the trial court clerk within thirty days after the date sentence is imposed.  Tex. R. App. P. 25.2(c) & 26.2(a)(1).  The Rules of Appellate Procedure provide for a fifteen day extension in which to file the notice of appeal if it is accompanied by a motion for extension of time.  Tex. R. App. P. 26.3 & 10.5(b)(2). This Court is without jurisdiction to address the merits of an appeal and can take no action other than to dismiss if an appeal is not timely perfected.  
See
 Slaton v. State, 981 S.W.2d 208, 210 (Tex.Cr.App. 1998).

Appellant’s deadline for filing a timely notice of appeal was Monday, July 10, 2006.
(footnote: 2)  The notice mistakenly filed here on August 9, 2006, does not invoke our jurisdiction.

Accordingly, the purported appeal is dismissed for want of jurisdiction.

Don H. Reavis

    Justice

Do not publish. 

åÆ*Õæç(_17 åÆ*DÕJæç(_16

 

åÆ*AÕJæç(_15

 

åÆ*>ÕJæç(_14

 

åÆ*;ÕJæç(_13

 

åÆ*8ÕJæç(_12

 

åÆ*5ÕJæç(_11

 

åÆ*2ÕJæç(_10

 

åÆ(/ÕJæç&_9

 

åÆ(õæç&_8åÆ(DõJæç&_7

åÆ(AõJæç&_6

åÆ(>õJæç&_5

åÆ(;õJæç&_4

åÆ(8õJæç&_3

åÆ(5õJæç&_2

åÆ(2õJæç&_1

åÆ&/õJæç$_

åã

Å

2See also
 
Escobar v. State
, 880 S.W.2d 782 (Tex.App.–Houston [1st Dist.] 1993), dealing with a motion filed directly with the court of appeals, seeking trial records for preparation of a habeas corpus application.  Rejecting the movant’s request, the court found neither a constitutional requirement that the records be provided nor a statutory authority for the court to grant his request.õNOõDATEõAPPõAPEåãÅ

3Federal law provides a procedure for a habeas corpus petitioner to have a judge certify the suit is not frivolous and a free record is needed to decide an issue presented.  
See
 28 U.S.C. § 753(f); 
United States v. MacCollom
, 426 U.S. 317, 327-328, 96 S.Ct. 2086, 48 L.Ed.2d 666 (1976).  Texas has no statute like 28 U.S.C. section 753(f).  
Eubanks
, 909 S.W.2d at 576.ÕÆèÉåÃÉÉd

NO. 07-07-0144-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

MAY 16, 2007

______________________________

IN RE JAMES MILLER

_______________________________

Before CAMPBELL, HANCOCK and PIRTLE, JJ.

ON PETITION FOR WRIT OF MANDAMUS

Relator James Miller brings this original proceeding seeking a writ of mandamus
(footnote: 1) against the Honorable Jim Bob Darnell, judge of the 140
th
 District Court and the Lubbock County district clerk.  Relator’s petition arises from a motion he filed in the 140
th
 District Court seeking access to the trial record from a trial at which he was acquitted of manufacturing and possessing methamphetamine.  Relator wants the record to use in preparing a petition seeking habeas corpus relief from his subsequent convictions for possession of an immediate precursor chemical and anhydrous ammonia with intent to manufacture methamphetamine, arising from the same events.   For the reasons set out below, we deny the petition.

Relator was charged in a May 2003 indictment containing the four counts described.  Trial of the first two counts in December 2003 resulted in his acquittal.  When the State sought to try relator on the remaining two counts he asserted a plea of jeopardy.  The trial court denied the plea and the remaining counts were tried in April 2004 resulting in relator’s conviction.  We affirmed that conviction on direct appeal.  
Miller v. State
, No. 07-04-0332-CR, 2006 WL 798065 (Tex.App.–Amarillo March 29, 2006, pet. ref’d).  We rejected relator’s double jeopardy claim on the basis the first and second trials did not involve the same offense.  
Id.
 at 8.  We also overruled his argument that collateral estoppel barred use of evidence which he alleged had also been admitted at the first trial.  
Id.
 at 11.

Arguing he needs the record from the December 2003 trial to prepare a petition for habeas corpus, relator filed a motion in the trial court requesting an order directing the district clerk to “provide or loan” a copy of the record from that trial.  The motion was submitted without a cause number and recited that the proposed petition for habeas corpus relief will assert claims of double jeopardy, suppression of evidence, collateral estoppel and ineffective assistance of counsel.  In the motion relator also requested a hearing.  The trial court denied relator’s request for a hearing by written order, which was filed under the cause number of relator’s second trial.  Relator’s present petition seeks to have this court direct Judge Darnell to hold a hearing on his motion and direct the trial court clerk to provide or loan a copy of the 2003 record.

Our power of mandamus is defined and limited by Section 22.221 of the Government Code.  Tex. Gov’t Code Ann. § 22.221 (Vernon 2004).  It extends to a district or county court judge in our court of appeals district or as necessary to enforce our jurisdiction.  We have no power to issue a writ of mandamus to a district clerk unless necessary to enforce our jurisdiction.  
Id.
  A convicted person’s access to a trial record for use in preparing a petition for habeas corpus does not affect our jurisdiction.  
In re Coronado
, 980 S.W.2d 691, 692 (Tex.App.–San Antonio 1998) (orig. proceeding). 

Mandamus is an extraordinary remedy that will issue to correct a clear abuse of discretion when there is no other adequate remedy by law.  
See In re D. Wilson Const. Co.
, 196 S.W.3d 774, 780 (Tex. 2006); 
Healey v. McMeans
, 884 S.W.2d 772, 780 (Tex.Crim.App. 1994).  It is the relator's burden to show entitlement to the relief being requested.  
See Johnson v. Fourth Court of Appeals
, 700 S.W.2d 916, 917 (Tex. 1985) (orig. proceeding).  To establish entitlement to the issuance of a writ of mandamus compelling a trial court to consider and rule on a pending motion, the relator bears the burden to establish that (1) the trial court had a legal duty to perform, (2) relator made a demand for performance of this duty, and (3) the trial court refused to act.  
Stoner v. Massey
, 586 S.W.2d 843, 846 (Tex. 1979).  Relator has failed to establish these elements.

Contending mandamus may issue to enforce the trial court’s legal duty to act on motions in a reasonable time, relator cites 
In re Christensen
, 39 S.W.3d 250 (Tex.App.–Amarillo 2000, orig. proceeding), 
Barnes v. State
, 832 S.W.2d 424 (Tex.App.–Houston [1
st
 Dist.] 1992, orig. proceeding), and 
Safety-Kleen Corp. v. Garcia
, 945 S.W.2d 268 (Tex.App.–Houston [1
st
 Dist.] 1992, orig. proceeding).  Unlike those cases, here relator’s petition and attached documents show the trial court has ruled on his request for a hearing.  Because the trial court has not refused to act, the authority on which relator relies does not show his entitlement to the relief requested.

Relator also challenges the merits of Judge Darnell’s ruling, but he offers no authority establishing the trial court had a legal duty to hold a hearing on his motion.  Relator cites 
Eubanks
 
v. Mullin
, 909 S.W.2d 574 (Tex.App.–Fort Worth 1995, orig. proceeding)
, in which the court enunciated standards under which an indigent defendant might have a right of access to the record of a prior proceeding if necessary to present a meritorious claim through habeas corpus.  909 S.W.2d at 576 (enunciating standard but finding relator failed to meet it).  
See also
 
Coronado
, 980 S.W.2d at 693 (reciting same standard but holding court had no mandamus authority over district clerk). The opinions in 
Eubanks
 and 
Coronado
 
do not address the source of a trial court’s authority to consider the merits of the requests presented.
(footnote: 2)  We find no express authority in the Code of Criminal Procedure for a party to initiate a proceeding in the trial court by filing a motion like that relator filed in the 140
th
 District Court.
(footnote: 3)  
Cf
. Tex. Code Crim. Proc. Ann. art. 64.01 (Vernon 2007) (authorizing request for post-conviction DNA testing to be made by motion).
(footnote: 4)   Nor are we able to find any instance in which a court of appeals has used its mandamus authority to enforce the right of access to records that 
Eubanks
 and 
Coronado
 posit. We find relator in this case has not shown he has no other adequate remedy by law.  
See In re D. Wilson Const. Co.
, 196 S.W.3d at 780.  Article 11.07 of the Code of Criminal Procedure governing habeas corpus relief suggests relator has an adequate remedy by affording him an opportunity to show the need for the records of his 2003 trial.  Section 3 of that statute directs a trial court to determine if there are controverted, previously unresolved material facts and authorizes resolution of those issues by affidavits, depositions, interrogatories, hearings, and the court’s personal recollection.  Tex. Code Crim. Proc. Ann. art. 11.07 § 3(c), (d) (Vernon 2005).  Use of a habeas corpus hearing to develop facts not shown in the existing record is illustrated in 
Ex parte Preston
, 833 S.W.2d 515, 519 (Tex.Crim.App. 1992) (op. on rehearing).  The petitioner there also sought habeas corpus relief alleging multiple trials on a single indictment violated protections against double jeopardy. 
Id.
 at 516.  The facts surrounding the disposition of untried counts were developed in a hearing on relator’s application for a writ of habeas corpus.  
Id.
 at 519.  

Finding relator here has failed to establish his entitlement to the mandamus relief requested, we deny the petition. 

James T. Campbell

          Justice  

FOOTNOTES
1:
Rule 25.2(c)(1) of the Texas Rules of Appellate Procedure requires a notice of appeal in a civil case to be filed with the trial court clerk.  Although Rule 25.1(a) provides that a notice mistakenly filed in this Court is deemed to have been filed the same day with the trial court clerk, there is no such provision for criminal cases.

2:
The thirty day deadline expired on July 9, 2006, which fell on a Sunday, extending the deadline to the next day.  
See
 Tex. R. App. P. 4.1(a).

1:
2:
3:
4: