## J. S. Rater v. State.

No. 23974. April 14, 1948.
Rehearing Denied May 26, 1948.

Hon. A. S. Hodges, Judge Presiding.

*C. C. McDonald,* of Wichita Falls, for appellant.

*Clyde Suddath,* County Attorney of Henrietta, and *Ernest S. Goens,* State's Attorney, of Austin, for the State.

DAVIDSON, Judge.

This is a conviction for simple assault, with punishment assessed at a fine of $5.00.

The injured party, Shoemaker, and appellant met on the streets of Bellevue. Shoemaker claimed that appellant had accused him of stealing a wolf trap, to which appellant replied "I tracked you and it was your tracks." Shoemaker called him a liar, and the fight started. According to Shoemaker's testimony they fought about four rounds and stopped because "we had both just give out." After the fight stopped and while Shoemaker had his head turned, appellant kicked him between the legs with his foot.

It is for this alleged assault after the fight had stopped that appellant stands here convicted.

According to appellant's theory, what he did was in defense against the attack of appellant. He insisted that the only time he kicked Shoemaker was when Shoemaker was attacking him. We note, however, that appellant, himself, refers to the difficulty

as a fight and says that they fought several rounds before the fight was finally stopped.

The trial court submitted self-defense in his charge, which is criticised by appellant.

We fail to see wherein self-defense was in the case. According to appellant's own admission the fight was mutual and was divided into rounds. While it is true that Shoemaker started the fight, the evidence shows that appellant entered into it. The right of self-defense is not accorded against acts committed in mutual combat. Branch's P. C., Sec. 1960. Foreman v. State, 33 Tex. Cr. R. 272, 26 S. W. 212.

The charge which was given appears, however, to have followed that as approved in Neyland v. State, 79 Tex. Cr. R. 652, 187 S. W. 196.

No reversible error appearing, the judgment of the trial court is affirmed.

Opinion approved by the Court.

ON APPELLANT'S MOTION FOR REHEARING.

BEAUCHAMP, Judge.

In his motion for rehearing, appellant vigorously asserts that we erred in declining to sustain his objection to paragraph six of the court's charge wherein the court charged on mutual combat. He contends the evidence did not justify a charge on that issue.

A careful analysis of the testimony introduced by both sides convinces us that the court gave the correct charge. According to the State's theory the parties entered into a mutual combat until they had fought for some time. Twice they stopped, then renewed fighting. For the second round this seems to have been mutual. When the third round began the appellant and the prosecuting witness disagree as to which resumed the fight. Based on what took place, the appellant contends that his kicking his adversary was in self-defense. According to the prosecuting witness this was an unprovoked assault while he was looking in another direction. The court properly charged on both theories. Appellant has no complaint that he charged on mutual combat because the State's evidence clearly raises the issue.

He then charged on self-defense, conditioned that the jury find against the State's theory of mutual combat.

The motion for rehearing is overruled.