In
The

                                                Court
of Appeals

                        Sixth
Appellate District of Texas at Texarkana

 

                                                ______________________________

 

                                                             No. 06-09-00199-CR

                                                ______________________________

 

 

                                 THOMAS HUNTER DAVIS,
Appellant

 

                                                                V.

 

                                     THE STATE OF TEXAS, Appellee

 

 

                                                                                                  


 

 

                                      On Appeal from the 102nd
Judicial District Court

                                                             Bowie County, Texas

                                                       Trial Court
No. 08F0210-102

 

                                                    
                                              

 

 

 

                                          Before Morriss, C.J.,
Carter and Moseley, JJ.

                                              Memorandum Opinion by Justice Carter








                                                      MEMORANDUM OPINION

 

            A
confrontational telephone call resulted in a fatal showdown between Samuel
Glass and Thomas Hunter Davis at a public park. 
Both parties drew their weapons, and in front of several witnesses,
Davis emerged the victor.  His reward was
a jury conviction for Glass’ murder and resulting punishment of twenty-eight
years’ imprisonment.  Davis appeals his
conviction on the grounds that (1) double jeopardy was violated because a
previous mistrial barred Davis’ second trial; (2) the trial court failed to
seat certain venire panel members; and (3) the jury’s failure to find that
Davis acted in self-defense was against the great weight and preponderance of
the evidence.  We conclude that double
jeopardy does not bar Davis’ second trial, that no objection to the jury panel
was preserved, and that the jury’s finding was supported by sufficient
evidence.  Therefore, we affirm the trial
court’s judgment.  

I.         Double Jeopardy Was Not Violated 

 

            On June 16, 2009, while Davis
sat at counsel table waiting for his murder trial to begin, the judge sat on
the bench waiting for Davis’ first-chair counsel to arrive.  To avoid having the jury wait, the court
admonished the jury and allowed the State to proceed with voir dire in the
presence of Davis’ second-chair counsel. 
After the State’s voir dire, the court relayed the following news to the
jury:

There
is a co-counsel that is to assist Mr. Collins in the trial of this case.  Right before the noon hour . . . he was
supposed to be here and have with him the file [of the case] . . . . It is
apparent that he is physically impaired. 
In [sic] route to the courthouse he had a single car accident . . . the
attorney had been entrusted to present first to the Court certain legal motions
and then the evidentiary presentation to the jury, he truly would be the lead
counsel in this case and simply is not in a condition to proceed.  

 

The trial judge decided that his “only option” was to declare
a mistrial sua sponte.[1]  After the panel was dismissed, the court
created a record establishing that Davis’ first-chair attorney was escorted to
the judge by a police officer.  The judge
described the attorney’s “slurred speech” and “complete disarray” of the file,
and concluded he was “clearly . . . physically impaired and incapable of
proceeding to trial.”  The attorney
pleaded with the judge to allow him to select a jury, but was arrested for
driving while intoxicated instead. 

            Davis’
first point of error on appeal is that double jeopardy was violated when he was
finally tried.  The Fifth Amendment to the
United States Constitution, and Article I, Section 14 of the Texas
Constitution, prohibit double jeopardy and protect individuals from being tried
twice for the same offense, possibly receiving double punishments.  Albernaz v. United States, 450 U.S. 333, 343 (1981);
Illinois v. Vitale, 447 U.S. 410, 415 (1980); Stephens v. State, 806
S.W.2d 812, 814–15 (Tex. Crim. App. 1990). 
Here, Davis was not tried twice.  A
prerequisite to the implication of double-jeopardy protections is the
requirement that “jeopardy must have attached initially.”  State
v. Moreno, 294 S.W.3d 594, 597 (Tex. Crim. App. 2009).  In a jury trial, jeopardy attaches only when a
jury is impaneled and sworn.  Id.;
Ex parte Preston, 833 S.W.2d 515, 517 (Tex. Crim. App. 1992).   Here, the initial jury was never issued the
oath of office because the panel was dismissed prior to the defense voir dire
and selection; consequently, jeopardy did not attach.   Therefore, we overrule Davis’ first point of
error.[2]

II.       Complaint of Failure to Seat Certain
Veniremembers Was Not Preserved

 

            Next, Davis complains that the
trial court erred in failing to seat unchallenged panel members Jay Glass and
Birdie Duricher.  A list of all members
of the jury panel with counsel’s notations is included within the clerk’s
record.  On the defendant’s list, the
notation “cause” appears next to Glass’ and Duricher’s names.  The State’s list contains the notation
“excused” by these names.  These records
would reasonably lead to the conclusion that these members were not seated due
to challenges for cause.  

            But we need
not attempt to decide this matter based upon our impression of the clerk’s
record.  It is Davis’ burden to present a
sufficient record to the appellate court to show error requiring reversal.  Tex. R. App. P. 33.1(a).  In this case, there is no reporter’s record of
the parties’ challenges for cause.  The
only record before us indicates both Glass and Duricher were excused for
cause.  Davis has failed to meet the
prerequisite that he bring to us a record showing that the complaint within his
point of error was made to the trial court with specificity, and that the trial
court ruled on his request.  Id. 
Because Davis has failed to preserve this point of error, it is
overruled.   See
Giesberg v. State, 945 S.W.2d 120, 128 (Tex. App.—Houston [1st Dist.] 1996),
aff’d, 984 S.W.2d 245 (Tex. Crim.
App. 1998) (holding no error preserved when there was no record of court ruling
excluding evidence). 

III.      The Jury’s Finding that Davis Did Not Act
in Self-Defense Was Based on Factually   Sufficient
Evidence

 

            Davis argues
that “the jury’s refusal to find that [he] acted in self defense [was] against
the great weight and preponderance of the evidence.”[3]  To raise a claim of self-defense, Davis bore a
burden of production requiring him to produce some evidence in support of his
claim.  Zuliani v. State, 97 S.W.3d 589, 594 (Tex. Crim. App. 2003); Saxton v. State, 804 S.W.2d 910, 913
(Tex. Crim. App. 1991).  Once this was
accomplished, the State was required to bear the burden of persuasion to
disprove the raised defense beyond a reasonable doubt.  Zuliani,
97 S.W.3d at 594.  Since the jury found
Davis guilty of murder, there is an implicit finding rejecting Davis’
self-defense theory.  Id.; Saxton,
804 S.W.2d at 914.

            In a factual
sufficiency review of a self-defense claim, we examine all of the evidence in a
neutral light and ask whether the verdict of guilt was either so contrary to
the overwhelming weight of the evidence as to be clearly wrong and manifestly
unjust, or was against the great weight and preponderance of the evidence.  Watson
v. State, 204 S.W.3d 404, 414–15 (Tex. Crim. App. 2006); Zuliani, 97 S.W.3d at 595.  Unless the record clearly reveals a different
result is appropriate, we must defer to the jury's determination concerning
what weight to give contradictory testimony.  Lancon
v. State, 253 S.W.3d 699, 706 (Tex. Crim. App. 2008); Marshall v. State, 210 S.W.3d 618, 625 (Tex. Crim. App. 2006). 

            In this
case, the jury was properly instructed that a person cannot use deadly force if
he or she “provoke[d] the person against whom the force was used” and is not
justified in using self-defense if the “actor sought an explanation from or
discussion with the other person concerning the actor’s differences with the
other person while the actor was . . . carrying a weapon in violation of
Section 46.02 of the Texas Penal Code.  Tex. Penal Code Ann. §§ 9.31(b)(4), (5),
9.32(b)(2) (Vernon Supp. 2009).  Section
46.02 provides that 

a
person commits an offense if the person intentionally, knowingly, or recklessly
carries on or about his or her person a handgun . . . if the person is
not:  (1) on the person’s own premises
under the person’s control or (2) inside of or directly en route to a motor
vehicle that is owned by the person or under the person’s control.   

 

Tex. Penal Code Ann.
§ 46.02(a) (Vernon Supp. 2009). 

            The jury
heard testimony that Davis was jealous of his girlfriend’s attraction to
Glass.  They also heard the following
uncontested evidence:  an early morning
telephone call from Davis to Glass resulted in death threats and an invitation
to meet at a local park, both Davis and Glass were armed with deadly weapons,
and as Glass approached Davis in the park with his gun, Davis shot and killed
him.  

            The jury was
free to conclude, based on these facts, that Davis provoked Glass.  In his appellate brief, Davis agrees that
“the evidence establishes that Glass and Davis met for mutual combat.”  The Texas Court of Criminal Appeals has
stated “[t]he right of self-defense is not accorded against acts committed in
mutual combat.”  Rater v. State, 152 Tex. Crim. 150, 211 S.W.2d 237 (Tex. Crim. App.
1948).  Additionally, the jury could
conclude that Davis called Glass, asked him to meet at the park for the purpose
of a discussion concerning their differences, and that Davis unlawfully carried
a weapon into the park. 

            Because the
jury could conclude that Davis provoked Glass or sought a discussion with Glass
about their differences while unlawfully carrying a gun, we conclude the jury’s
verdict was not against the great weight and preponderance of the evidence.  Thus, Davis’ last point of error is
overruled. 

IV.      Conclusion 

 

            We affirm the trial court’s
judgment. 

 

 

 

                                                                                    Jack
Carter

                                                                                    Justice

 

Date Submitted:          July
6, 2010

Date Decided:             July
8, 2010

 

Do Not Publish

 

 

 

 











[1]No
party objected to the trial court’s declaration of a mistrial.  





[2]Davis
contends that because the mistrial was not manifestly necessary, jeopardy
attached.  Based upon our ruling, we need
not address this contention.  





[3]Davis
does not otherwise challenge for legal or factual sufficiency the jury’s
finding on the elements of murder.