

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-09-00199-CR

_____

THOMAS HUNTER DAVIS, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 102nd Judicial District Court
Bowie County, Texas
Trial Court No. 08F0210-102

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Justice Carter

MEMORANDUM OPINION

A confrontational telephone call resulted in a fatal showdown between Samuel Glass and Thomas Hunter Davis at a public park. Both parties drew their weapons, and in front of several witnesses, Davis emerged the victor. His reward was a jury conviction for Glass' murder and resulting punishment of twenty-eight years' imprisonment. Davis appeals his conviction on the grounds that (1) double jeopardy was violated because a previous mistrial barred Davis' second trial; (2) the trial court failed to seat certain venire panel members; and (3) the jury's failure to find that Davis acted in self-defense was against the great weight and preponderance of the evidence. We conclude that double jeopardy does not bar Davis' second trial, that no objection to the jury panel was preserved, and that the jury's finding was supported by sufficient evidence. Therefore, we affirm the trial court's judgment.

## I. Double Jeopardy Was Not Violated

On June 16, 2009, while Davis sat at counsel table waiting for his murder trial to begin, the judge sat on the bench waiting for Davis' first-chair counsel to arrive. To avoid having the jury wait, the court admonished the jury and allowed the State to proceed with voir dire in the presence of Davis' second-chair counsel. After the State's voir dire, the court relayed the following news to the jury:

> There is a co-counsel that is to assist Mr. Collins in the trial of this case. Right before the noon hour . . . he was supposed to be here and have with him the file [of the case] . . . . It is apparent that he is physically impaired. In [sic] route to the courthouse he had a single car accident . . . the attorney had been entrusted to

2

present first to the Court certain legal motions and then the evidentiary presentation to the jury, he truly would be the lead counsel in this case and simply is not in a condition to proceed.

The trial judge decided that his "only option" was to declare a mistrial sua sponte.[1] After the panel was dismissed, the court created a record establishing that Davis' first-chair attorney was escorted to the judge by a police officer. The judge described the attorney's "slurred speech" and "complete disarray" of the file, and concluded he was "clearly . . . physically impaired and incapable of proceeding to trial." The attorney pleaded with the judge to allow him to select a jury, but was arrested for driving while intoxicated instead.

Davis' first point of error on appeal is that double jeopardy was violated when he was finally tried. The Fifth Amendment to the United States Constitution, and Article I, Section 14 of the Texas Constitution, prohibit double jeopardy and protect individuals from being tried twice for the same offense, possibly receiving double punishments. *Albernaz v. United States*, 450 U.S. 333, 343 (1981); *Illinois v. Vitale*, 447 U.S. 410, 415 (1980); *Stephens v. State*, 806 S.W.2d 812, 814–15 (Tex. Crim. App. 1990). Here, Davis was not tried twice. A prerequisite to the implication of double-jeopardy protections is the requirement that "jeopardy must have attached initially." *State v. Moreno*, 294 S.W.3d 594, 597 (Tex. Crim. App. 2009). In a jury trial, jeopardy attaches only when a jury is impaneled and sworn. *Id.*; *Ex parte Preston*, 833 S.W.2d 515, 517 (Tex. Crim. App. 1992). Here, the initial jury was never issued the oath of office

---

[1]No party objected to the trial court's declaration of a mistrial.

3

because the panel was dismissed prior to the defense voir dire and selection; consequently, jeopardy did not attach. Therefore, we overrule Davis' first point of error.[2]

## II.    Complaint of Failure to Seat Certain Veniremembers Was Not Preserved

Next, Davis complains that the trial court erred in failing to seat unchallenged panel members Jay Glass and Birdie Duricher. A list of all members of the jury panel with counsel's notations is included within the clerk's record. On the defendant's list, the notation "cause" appears next to Glass' and Duricher's names. The State's list contains the notation "excused" by these names. These records would reasonably lead to the conclusion that these members were not seated due to challenges for cause.

But we need not attempt to decide this matter based upon our impression of the clerk's record. It is Davis' burden to present a sufficient record to the appellate court to show error requiring reversal. TEX. R. APP. P. 33.1(a). In this case, there is no reporter's record of the parties' challenges for cause. The only record before us indicates both Glass and Duricher were excused for cause. Davis has failed to meet the prerequisite that he bring to us a record showing that the complaint within his point of error was made to the trial court with specificity, and that the trial court ruled on his request. *Id.* Because Davis has failed to preserve this point of error, it is overruled. *See Giesberg v. State*, 945 S.W.2d 120, 128 (Tex. App.—Houston [1st Dist.] 1996), *aff'd*, 984 S.W.2d 245 (Tex. Crim. App. 1998) (holding no error preserved when there was no

---

[2]Davis contends that because the mistrial was not manifestly necessary, jeopardy attached. Based upon our ruling, we need not address this contention.

record of court ruling excluding evidence).

### III. The Jury's Finding that Davis Did Not Act in Self-Defense Was Based on Factually Sufficient Evidence

Davis argues that "the jury's refusal to find that [he] acted in self defense [was] against the great weight and preponderance of the evidence."[3] To raise a claim of self-defense, Davis bore a burden of production requiring him to produce some evidence in support of his claim. *Zuliani v. State*, 97 S.W.3d 589, 594 (Tex. Crim. App. 2003); *Saxton v. State*, 804 S.W.2d 910, 913 (Tex. Crim. App. 1991). Once this was accomplished, the State was required to bear the burden of persuasion to disprove the raised defense beyond a reasonable doubt. *Zuliani*, 97 S.W.3d at 594. Since the jury found Davis guilty of murder, there is an implicit finding rejecting Davis' self-defense theory. *Id.*; *Saxton*, 804 S.W.2d at 914.

In a factual sufficiency review of a self-defense claim, we examine all of the evidence in a neutral light and ask whether the verdict of guilt was either so contrary to the overwhelming weight of the evidence as to be clearly wrong and manifestly unjust, or was against the great weight and preponderance of the evidence. *Watson v. State*, 204 S.W.3d 404, 414–15 (Tex. Crim. App. 2006); *Zuliani*, 97 S.W.3d at 595. Unless the record clearly reveals a different result is appropriate, we must defer to the jury's determination concerning what weight to give contradictory testimony. *Lancon v. State*, 253 S.W.3d 699, 706 (Tex. Crim. App. 2008); *Marshall v. State*, 210 S.W.3d 618, 625 (Tex. Crim. App. 2006).

---

[3]Davis does not otherwise challenge for legal or factual sufficiency the jury's finding on the elements of murder.

In this case, the jury was properly instructed that a person cannot use deadly force if he or she "provoke[d] the person against whom the force was used" and is not justified in using self-defense if the "actor sought an explanation from or discussion with the other person concerning the actor's differences with the other person while the actor was . . . carrying a weapon in violation of Section 46.02 of the Texas Penal Code. TEX. PENAL CODE ANN. §§ 9.31(b)(4), (5), 9.32(b)(2) (Vernon Supp. 2009). Section 46.02 provides that

> a person commits an offense if the person intentionally, knowingly, or recklessly carries on or about his or her person a handgun . . . if the person is not: (1) on the person's own premises under the person's control or (2) inside of or directly en route to a motor vehicle that is owned by the person or under the person's control.

TEX. PENAL CODE ANN. § 46.02(a) (Vernon Supp. 2009).

The jury heard testimony that Davis was jealous of his girlfriend's attraction to Glass. They also heard the following uncontested evidence: an early morning telephone call from Davis to Glass resulted in death threats and an invitation to meet at a local park, both Davis and Glass were armed with deadly weapons, and as Glass approached Davis in the park with his gun, Davis shot and killed him.

The jury was free to conclude, based on these facts, that Davis provoked Glass. In his appellate brief, Davis agrees that "the evidence establishes that Glass and Davis met for mutual combat." The Texas Court of Criminal Appeals has stated "[t]he right of self-defense is not accorded against acts committed in mutual combat." *Rater v. State*, 152 Tex. Crim. 150, 211 S.W.2d 237 (Tex. Crim. App. 1948). Additionally, the jury could conclude that Davis called

6

Glass, asked him to meet at the park for the purpose of a discussion concerning their differences, and that Davis unlawfully carried a weapon into the park.

Because the jury could conclude that Davis provoked Glass or sought a discussion with Glass about their differences while unlawfully carrying a gun, we conclude the jury's verdict was not against the great weight and preponderance of the evidence.   Thus, Davis' last point of error is overruled.

## IV.    Conclusion

We affirm the trial court's judgment.


Jack Carter
Justice


Date Submitted:    July 6, 2010
Date Decided:    July 8, 2010

Do Not Publish

7